Chief Justice Bibb
delivered the Opinion of the Court.
McGee exhibited his bill for relief against Talbot, Logan and Burks, with injunction against a judgment at law in favor of Burks, assignee of Logan, assignee of Talbot.
McGee claimed credits for three several payments to Talbot, made before assignment.
Talbot’s answer and interrogatories.
Answer to the interogatories by Logan and Burks.
M’Gee’s exceptions to Talbot’s answer, and farther answer ordered.
Admissions of defendants offered to supply the defect in Talbot’s answer, received.
M’Gee’s answer to Talbot.
Logan adds a prayer to his answer for a decree over against Talbot.
Decree for injunction as to part of judgment.
Decree for Logan againts Talbot.
Decree for Burks against Logan.
Talbot answered that be had no distinct recollection of the payments of the sums and execution of the receipts referred to in the bill; admitting the probability of such payments of money, but alleging that lie had three other notes on the complainant and claiming that the payments had been applied to those other notes. He required the complainant to respond to the execution of those other notes, and the surrender thereof to him, as charged in his answer.
The other defendants answered, denying any knowledge of those payments.
McGee filed exceptions to Talbot’s answer; which were, on argument, adjudged sufficient.
Thereupon, the attorney for Talbot and the other defendants, presented to the court, on behalf of all the defendants, an admission of the payments of the three several sums as charged in the bill, together with the answer of Talbot, so adjudged insufficient, and moved the court to receive the admission and answer of Talbot; as A Sufficient response to the bill. To this the, complainant objected, but the court overruled the objection, and the complainant excepted, as appears of record—this was at February session, 1822.
July, 1822, McGee answered, denying the matters as charged in Talbot’s interrogatories to him.
On the 4th February, 1823, the cause was heard, and the judge took time to advise; on the, 6th of the month Logan obtained leave, and amended his answer — and prayed a decree over against Talbot, his assignor, if the court gave relief to McGee.
On the same day, a decree was rendered for perpetual injunction on behalf of McGee, against the judgment at law, for the three several payments as admitted, amounting to §90, with costs of suit.-
—Also, a decree was made in favor of Logan, against his co-defendant, Talbot, for the amount so decree in favor of Mr Gee, and costs.-
—And in favor of Burks against Logan, for that sum and costs.
An attorney at law may— refer the suit to arbitration —admit facts on the trial, or in pleading-and confess judgement.
This court cannot originate the enquiry into the authority of the attorney in the circuit court.
*377 To the decrees so pronounced, Talbot prosecutes this writ of error; and McGee, Logan and Burks, are all defending the writ of error brought by Talbot.
The decree in favor of McGee is objected to by Talbot, because, as he contends, he is not bound by the admissions of the attorney — that the authority of an attorney does not warrant such an admission, M'e think that Talbot is bound by the admissions of the attorney, so made to the court, in the management, progress, and conduct of the cause. In Somers vs Balabrega, 1 Dall, 164, it was ruled that the attorney’s agreement to refer the suit to arbitration, binds bis client.
In Holker vs Parker, 7 Cranch, 449, the same point was ruled.
In 1 Starkie, on evidence, 365, in a note, and 2 Starkie, on evidence, 136, references will be found to decisions in which the admissions of the attorney are held to be binding on his client, when made in the court, and in the conduct and management, and preparatory to the decision of the case.
The attorney has authority to confess judgment for his client. If the attorney can bind bis client by an acknowledgment of every fact necessary to a judgment against him, and acknowledge the judgment itself, he can bind him equally by an admission of facts, whereon to ask the judgment of the Court, as to the law arising on the case. The whole, includes all the parts.
It is essential to the conduct and progress of business in the courts,.that the client should be bound by the admission of facts made by the attorney. The pleadings in court, from the declaration to surrebutter, are founded upon the power and authority of the attorney to admit facts, and thereby bind the client, so as to bring the pleadings to an issue.
That the attorney who made the admission was not Talbot’s attorney, is a question of fact which docs not arise out of the record and proceedings in the court below. This court can not originate an *378 enquiry whether the attorney representing Talbot in the court below, was or was not authorized to appear as his attorney.
One defendant cannot have a decree against a co-defendant without a cross bill with proper prayer and process, or answer as in an orignal suit.
Upon the admissions made in the court below for all the defendants, the decree in favor of McGee is proper. The payments are admitted — the other notes to which Talbot would apply those credits, are denied by McGee — and there is no evidence that such notes were executed.
But the decree over against Talbot, in favor of Logan, his co-defendant, is not warranted by the proceedings; and so of the decree against Logan, in favor of Burks. There is no cross bill, nor process, nor ground work for a decree between the co-defendants. This is not a question open; it is settled by former adjudications. In the case of Morehead vs Prather and Smiley, in 1809, 1 Bibb, 316, the question whether, as between co-defendants, a decree could be made without a cross bill and process, was fully considered and decided by Chief Justice Edwards, and judges Boyle and Wallace. The luminous discussion in the opinion of the court delivered by the Chief Justice, renders any other or farther explanation useless. In Shelby and Roberts vs Smith’s heirs and executor, 2 Marsh. 514, the same question occurred, and was ruled according to the decision in Morehead vs Prather and Smiley.
We do not mean that an answer which, after making a response to the original bill, proceeds to charge his co-defendant, and to require him to answer, and to ask a decree, containing the substantial of a cross bill, may not authorize a decree over against such co-defendants, if it be proceeded in as upon a cross bill, by process to answer, and regular proceedings. We do not mean any technical distinction between across bill and an answer in nature of a cross bill. We do not mean there must be a paper railed a cross bill, seperate and distinct from the paper called the answer. But we. mean than if one defendant uses his answer for greater convenience and brevity, to frame thereon a prayer for relief against a co defendant, he must take care *379 that he engraft upon such answer the substantial parts of a bill, and proceed on it as in a suit instituted, and treat it as such.
Decree against one defendant in the bill below and to the writ of error here, in favor of another defendant, reversed on the plaintiff’s assignment of error.
Talbot for himself; Denny, Attorney. General, for defendants.
It is therefore decreed and ordered, that the decree in favor of complainant, McGee, against the defendant Talbot, be affirmed; and that the decree in favor of Logan against Talbot, and of Burks against Logan, be reversed, annulled and set aside, and the cause remanded to the court below, with directions to dismiss the proceedings as between Logan, Talbot and Burks, without prejudice- — McGee to recover his costs in this court of Talbot — Talbot to recover his costs against Logan and Burks in this court.