## Osborne v. Holtzclaw.

(Decided February 21, 1922.)

## Appeal from Scott Circuit Court.

1. New Trial—Objection to Reading of Deposition.—If a party objects to the competency of a question, the evidence being taken in depositions, he must have his objection noted to the question, and on the reading of the deposition before the jury or court call the attention of the court to the objection and thus procure a ruling of the court upon the objection to the question. If he fail to do this, and the deposition is read to the jury without objection, he cannot thereafter, for the first time, raise the objection in his motion and grounds for a new trial.

2. Negligence—Contributory Negligence—Instructions.—Where the defendant in a personal injury case relies upon contributory negligence as a defense and introduces evidence to sustain the plea, and offers a concrete instruction upon contributory negligence, setting forth the facts upon which the plea is based, it is error for the trial court to reject the instruction although the court had given upon its own motion a general instruction on contributory negligence.

LLEWELLYN F. SINCLAIR for appellant.

BRADLEY & BRADLEY for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Alleging that she sustained injuries to her person in a collision between two automobiles, in one of which she was riding, one night in September, 1918, on the pike between Lexington and Georgetown, appellee, Florence Holtzclaw, filed this action in the Scott circuit court against Ben M. Osborne, the driver of the other automobile, praying damages against him in the sum of $5,000.00. The accident happened at the foot of an incline in the public highway. Osborne was driving his car down the slope, while the husband of Mrs. Holtzclaw was at the foot of the hill in his automobile starting up the grade. The evidence for the plaintiff tends to show that Osborne was either an inexperienced or reckless driver and was zigzagging his automobile back and forth across the pike as he came down the hill, and carelessly and negligently ran into the side of the car in which Mrs. Holtzclaw was riding. The defendant Osborne pleaded contributory negligence, and in support of this plea, introduced evidence to the effect that the lights on the car in which Mrs. Holtzclaw was riding were so brilliant and glaring,

and so arranged on the car, that the shafts of light struck him in the face and eyes and so blinded him that he could not see the road or tell where he was going, and as a consequence he throttled his car and brought it either to a stop or to a very slow rate of speed. A jury awarded the plaintiff, Mrs. Holtzclaw, $2,000.00 in damages. A judgment being entered upon the verdict Osborne appeals. For a reversal of the judgment he assigns the following reasons:

. "Appellant complains that the trial court permitted incompetent testimony to be introduced; that the verdict of the jury is not sustained by the evidence, and that the jury was not properly instructed as to the law of the case."

Two physicians were called to testify for the plaintiff and were asked a number of hypothetical questions, to which they made answers which, if incompetent, were highly prejudicial to the appellant Osborne. This evidence was taken in depositions and no objection on the part of the appellant was noted therein. While counsel for appellant insists that he objected to the questions at the time they were read to the jury, the record does not support him in this. After the trial he offered to file exceptions to the depositions, but this the trial court declined to allow him to do. Counsel for appellant should have filed his exceptions to the depositions before the trial and had his exceptions noted to the ruling of the court on the trial. As the judgment must be reversed for other reasons it is probable that a similar error will not occur again.

Appellant also insists that the verdict is not sustained by the evidence, and there is some force in this contention. The plaintiff, Mrs. Holtzclaw, did not testify, but other persons in the car with her testified about the accident. No witness testified to any stroke or lick inflicted upon apppellee. It was said that she was thrown out of the car but lit on her feet. Of course, we might presume that in passing over the car door, as the witness says she did, she struck it and injured herself, but in cases like this no such presumption can be indulged. No doubt upon another trial the evidence upon this point will be made clear.

The defendant relied upon his plea of contributory negligence and undertook to prove that he was so blinded by the lights from the automobile in which appellee was riding that he could not see the road, nor tell where he

was driving, and that the glaring lights carried by the car in which appellee was riding were the real cause of the accident. We have a statute, section 2739g-4, which regulates the use of lights on automobiles and prescribes the nature and candle power thereof. Following this statute counsel for appellant offered an instruction on contributory negligence which concretely set forth in part the law applicable to the facts. While this instruction is defective and incomplete, it suggested to the court the necessity of a concrete instruction on contributory negligence, the only defense offered by appellant Osborne. While the court gave an instruction on contributory negligence, it was too general for a case like this. The tendency of courts is to group the facts relied on in an instruction on contributory negligence in as concrete a form as may reasonably be done instead of giving a general statement of an abstract principle of law. In the case of Peerless Coal Company v. Copenhaver, 165 Ky. 195, we held it error, though general instructions on contributory negligence and assumed risk are given, to refuse an offered instruction grouping facts constituting contributory negligence or assumed risk, where such an instruction is necessary to present defendant's side of the case, and without such an instruction the jury might conclude that the facts relied on did not constitute contributory negligence or assumed risk. See also S. C. & C. St. L. R. v. Cleveland, 30 Ky. L. R. 1072; Jellico Coal Mining Co. v. Lee, 151 Ky. 53; Davis v. Paducah Ry. Co., 113 Ky. 267. The refusal of the trial court to so instruct the jury was prejudicial error.

Judgment reversed for a new trial consistent with this opinion.