## Louisville & N. R. Co. v. Jackson's Adm'r.

(Decided June 23, 1933.)

ASHBY M. WARREN, H. T. LIVELY, J. P. HAMILTON and TODD & BEARD for appellant.

GILBERT, PICKETT & MATTHEWS and T. B. ROBERTS for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

This is a second appeal. The first judgment was for $5,000. The one now involved was for $9,000. The first opinion is under the same style, in 243 Ky. 59, 47 S. W. (2d) 941. It is there related that J. Hunt Jackson, Jr., was killed when a horse he was riding fell while in the act of going over a crossing of the defendant railroad company by reason of stepping into a hole at the edge of the rail or tripping over a high rail, or else by reason of having stumbled either because of its decrepitude or some other cause for which the railroad company could not be held responsible. The reversal of the former judgment was upon the ground of erroneous instruction. Other questions were reserved except that the evidence was held sufficient to take the case to the jury. An outline of the facts is contained in the first opinion, and repetition is unnecessary.

The appellee argues that all the questions now raised were settled by the former opinion as the law of the case. The appellant argues that the evidence is essentially different, and that it was entitled to a directed verdict or to a new trial because the verdict is flagrantly against the evidence. Without doing any violence to the rule of practice with respect to the controlling effect of a former opinion, we may concede the point in favor of appellant. At the same time we must say as an original proposition that the evidence was sufficient on this trial to take the case to the jury and is sufficient to sustain the verdict. It seems to us from a consideration of both records that, while some of the testimony is different in respect to minor or immaterial things, in

the main the evidence on this trial is substantially the same as that of the first. If there be any difference, it is that the plaintiff's case was strengthened. It is true that under critical analysis some parts of the testimony would hardly stand up as being likely or logical, but, when regarded as a whole, a pretty clear picture is drawn of the accident. The positive evidence as to the conditions at the crossing and the manner and place in which the horse fell and precipitated the rider to the road excludes this from the line of cases upon which appellant relies, which are to the effect that certain circumstances were such as to negative negligence on the part of the railroad company where a person is killed on or near a crossing, such as in Cochran's Adm'rs v. Chesapeake & O. Railroad Co., 232 Ky. 107, 22 S. W. (2d) 452.

As stated in the first opinion, the defendant proved that the horse had "appeared in more than one modern horse swapping ring." She was no stranger to "jockey row" in Frankfort, and was probably between sixteen and twenty years old and stiff in her joints. The appellee, father of the deceased, and owner of the horse, testified that he had traded a heifer for the old mare and received a pig to boot. Complaint is made that the court should not have overruled the defendant's objection to the answer of appellee that the boy with whom he had traded said she was eleven years old. There was other evidence respecting the nag's age and her condition. All of this was collateral to the main question of whether she was caused to fall by the negligent maintenance of the railroad crossing, and it is inconceivable that this inconsequential error affected the result.

The plaintiff introduced in evidence a shoe proven to have been taken from the right hind foot of this horse. It was considerably bent. There was evidence that the horse's shoe had caught under the rail when her foot went into the hole. It appears that on the night of the accident the horse was led home without any attention being paid to her shoes and was turned loose in a pasture. The second morning after the accident some lameness was observed. An examination showed then that the shoe was loose and that one side was bent back something like 45 degrees. This, of course, went to sustain the theory that the horse's shoe had

caught under the rail and had been thus bent. The witness tried to pull the shoe off and could not. He struck it a number of times with a hatchet in an effort to drive it off the hoof, but could not do so. At that time it was bent "as much again" as when it was exhibited to the jury. It was taken off a week later by others who testified that the shoe was then in the same condition as when presented on the trail. The appellant claims that it was error to admit the horseshoe in evidence under the rule which excludes clothing of a deceased person, unless it be shown to be in the same condition as at the time of the accident. See McCandless v. Commonwealth, 170 Ky. 301, 185 S. W. 1100; and Welch v. B. & O. Railroad Co., 117 Md. 280, 83 A. 166, which involved the shoe of a boy who had been run over and fatally injured by a train backing along a switch in which the foot had been caught. The horseshoe was properly admitted as demonstrative evidence tending to sustain appellee's version of the accident and to negative appellant's contention that the horse's foot did not catch on the rail or drop into the hole shown to be there. If its condition in the particular noted was different as the witness testified, the change was not material to the point, and it could not have prejudiced the defendant.

The final point is made that evidence of other accidents at the crossing was erroneously admitted in violation of the general rule which rejects evidence of previous accidents at the same place. See Louisville & N. v. Loesch, 215 Ky. 452, 284 S. W. 1097, 47 A. L. R. 347. Several witnesses testified to the dangerous condition of the crossing and that their notice had been particularly drawn to it by their own experiences. One had broken a wagon spring in going over it. Another's buggy wheels would skid on the side of the rail instead of going directly over or across it. Another's hay baler was stalled because of the height of the rail above the surface of the road. The admissibility of the evidence of other accidents at the same place is treated with some fullness in Park Circuit & Realty Co. v. Coulter, 233 Ky. 1, 24 S. W. (2d) 942, where it is pointed out that as a general rule such evidence is incompetent. But there are exceptions. One of these is that to bring home to the defendant notice of a particular dangerous condition evidence of other similar occurrences may be admitted. These were circumstances tending to prove

the unsafety of the crossing and the absence of contributory negligence on the part of plaintiff's decedent. It also showed negligence of a continuous nature, and was not offered for the purpose of showing another case, for there was none. The condition of this crossing was practically the same when the witnesses experienced their difficulties in going over it as when this accident occurred. The evidence comes within the cases of Chesapeake & O. Railroad v. Meyers, 150 Ky. 841, 151 S. W. 19; City of Covington v. Visse, 158 Ky. 134, 164 S. W. 332; City of Lebanon v. Graves, 178 Ky. 749, 199 S. W. 1064, L. R. A. 1918B, 1016; cf. Louisville & N. Railroad Co. v. Howser's Adm'r, 201 Ky. 548, 257 S. W. 1010, 36 A. L. R. 327. The Meyers Case was one in which a sled runner caught on the rails of a road crossing and threw the plaintiff off and injured him. Witnesses testified that the wheels of their vehicles had been similarly hung up on the rail, and that they had seen others do the same thing. The evidence was held properly admitted, but the court had admonished the jury that it should be considered for the sole purpose of throwing light on the question whether or not the crossing was in a dangerous condition or otherwise. No such admonition was given in this case. None was asked. The appellant ought not now to complain. However, it must have been perfectly obvious to the jury that the evidence was let in for the purposes stated or as showing the knowledge on the part of the witnesses of the condition about which they testified.

No prejudicial error being disclosed, the judgment is affirmed.