[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 787 
Reversing.
This appeal is from a judgment of the Jefferson Circuit Court entered on a verdict of $1,650 in favor of George P. Butler, against the appellant, Louisville Baseball Club.
On Aug. 20, 1939, Butler attended a double header game in appellant's park. There were about 7,300 people in the park which had a seating capacity of slightly less than 12,000. A ramp leads from the first floor, which is a broad concrete walkway, into the stands. On the first floor just south of the ramp is a small concession booth and south of that is the ladies' lounge, and south of the lounge is a large concession stand. The grandstand above this first floor is concrete constructed on a steel framework and ascends from the players' field at a considerable angle so the spectators on each row may see over the heads of persons in front of them. The concrete walkway on the first floor extends two and a half feet east on each side of the ladies' lounge but does not go behind it. Immediately adjoining the concrete walkway to the east and about a half an inch lower is a natural dirt floor which extends under the grandstand. Where this concrete stops the steel I-beams supporting the grandstand are 5 feet 9 1/2 inches from the ground and *Page 788 
there are three such I-beams one must pass under in going from the booth to the concession stand via the dirt route behind the lounge.
As just stated, there is no concrete walkway behind the ladies' lounge and in the natural dirt surface behind it is a hole about three feet long, three feet wide and three feet deep, in which there are cut-off valves to control the water in the lounge. These valves are used only in the spring and fall, and in cases of emergency, to cut the water on and off. This hole is covered by a wooden platform.
The large concession stand south of the ladies' lounge is ordinarily reached from the ramp leading into the grandstand by traveling the concrete walkway which is from 20 to 25 feet wide to the west and south of the lounge, as we interpret the map in the record. Several witnesses testified that on crowded days many people would buy refreshments at the concession stands and then retire off the concrete walkway onto the dirt surface under the grandstand to consume same. It was further testified that many people coming down the ramp on their way to this large concession stand customarily traveled the dirt surface behind the ladies' lounge in order to avoid the crowd on the concrete walkway. Photographs filed as exhibits in the record disclose it is not dark under the grandstand, as to the east there is an opening of about three feet between the grandstand and the ground and from the concrete walkway west the grandstand is quite high which allows much light to permeate all the dirt area under it.
During the intermission between the games on the day of the accident, Butler, accompanied by his father-in-law, came from the grandstand down the ramp to obtain refreshments. There was such a crowd around the small concession booth just south and east of the ramp they could not get service and they were jostled by the crowd from the concrete onto the dirt surface under the grandstand. It was then that they started to the larger concession stand south of the lounge and instead of traveling the usual way over the concrete surface, they took a direct route over the dirt surface behind the lounge. There was no rail, fence or barricade preventing people in the park from traveling this route, nor were there any signs warning against so doing. The platform had been removed from the hole behind the lounge leaving it unprotected *Page 789 
and Butler fell into it severely injuring his leg and knee.
No question is raised on this appeal as to the extent of the injuries sustained by Butler, nor as to the amount of the verdict. But appellant insists the judgment should be reversed because: 1. It should have had a peremptory instruction; 2. the court improperly instructed the jury that it was its duty to maintain in a reasonably safe condition that part of the premises where plaintiff was injured; 3. the court erroneously refused instructions offered by appellant; 4. incompetent evidence was admitted.
Appellant argues that there was no duty on it to keep the dirt surface under the grandstand and behind the lounge in a reasonably safe condition for its patrons because they were neither expressly nor impliedly invited to use such space, and it was a place where it would not reasonably expect them to go while attending a game. That the duty it owed Butler and other patrons was to keep in a reasonably safe condition only that part of the grounds appropriated by it for the necessary, ordinary and usual use of its patrons in attending games and using the grounds in a reasonable and customary manner. The invitee must remain within the bounds of the invitation to be entitled to its protection. It insists that when Butler chose the unpaved route under the grandstand behind the lounge instead of traveling the concrete walkway provided for his use, he did so at his own risk and the only duty appellant owed him was not to wilfully injure him. Many authorities, both domestic and foreign, are cited by appellant to sustain its position, a few of which are Lewis v. Lerman Bros., 277 Ky. 334,126 S.W.2d 461; Toole v. Erlanger Fair Ass'n, 207 Ky. 441,269 S.W. 523; Cumberland Hotel Operating Co. v. Hartman, 264 Ky. 300,94 S.W.2d 637; Blakeley v. White Star Line, 154 Mich. 635,118 N.W. 482, 19 L.R.A., N.S., 772, 129 Am. St. Rep. 496; Money, Adm'r of Salmons v. Travelers' Hotel, 174 N.C. 508,93 S.E. 964, L.R.A. 1918B, 493.
Appellant's contention is well within the general rule stated in Lewis v. Lerman Bros., supra, where it quotes from Keeran v. Spurgeon Mercantile Co., 194 Iowa 1240, 191 N.W. 99, 27 A.L.R. 579, but the facts in this case take it without the rule.
Here the ground immediately adjacent to the concrete *Page 790 
was not separated from the latter by any railing, fence or barricade, and the uncontradicted evidence is that many of the patrons of appellant's park on days of large attendance were wont to retire from the concrete onto the dirt to escape the crowd; also, that many of them on such days customarily used the route taken by Butler in going from the ramp to the large concession stand. If these facts were known to appellant, or by the exercise of ordinary care could have been known to it, then the duty devolved upon appellant to keep such space in a reasonably safe condition for their use, or to separate same from the concrete walkway in some suitable manner by a fence or railing to prevent its patrons from using it. Appellant could not allow a dangerous situation to exist right adjacent to its concrete walkway if it knew, or by the exercise of ordinary care might have known, same was customarily used by its patrons and escape liability for damages directly resulting therefrom on the theory that it had provided a safe walkway. If appellant knowingly allowed patrons to use the dirtway, it extended to them an implied invitation to so do and is charged with the duty of keeping same in a reasonably safe condition for such use. Restatement of the Law of Negligence, Section 343; Dalton v. Steiden Stores, 277 Ky. 179, 126 S.W.2d 155.
The case at bar is clearly distinguishable from Offutt v. O'Leary, 204 Ky. 726, 265 S.W. 296; Branham's Adm'r v. Buckley, 158 Ky. 848, 166 S.W. 618, Ann. Cas. 1915D, 861, and kindred cases, where it was held that if one has the alternative to travel a place of safety prepared for use or to travel one fraught with danger and chooses the latter, he necessarily assumes the risk. Here there were two routes, side by each, one safe and the other unsafe, with no warning of its dangerous condition. If appellant knew, or by the exercise of ordinary care could have known, its patrons were customarily using the unsafe route, then an implied invitation was extended to them to so use it, with the resultant duty on it to maintain same in a reasonably safe condition.
It follows that appellant was not entitled to a peremptory instruction on the theory that Butler was guilty of contributory negligence as a matter of law. The court by an appropriate instruction should have submitted to the jury the question of whether or not appellant knew, or by the exercise of ordinary care could have known, *Page 791 
that its patrons were customarily using the dirt space under the grandstand as a congregating place or as a passway to go from the ramp to the concession stand; if appellant did so know, there was the duty upon it to maintain the dirt space in a reasonably safe condition for such use.
The first instruction given by the court is erroneous because it assumes it was appellant's duty to keep this dirt space in a reasonably safe condition. Likewise, the second instruction offered by appellant was erroneous because it told the jury to find for appellant unless they believed the dirt space was set apart for the use of patrons of the park. The court correctly refused this instruction offered by appellant. As pointed out in the preceding paragraph, the court should have submitted to the jury the question of whether or not the appellant knew, or by the exercise of ordinary care could have known, its patrons were customarily using the dirt space under its grandstand. For its failure to so do the judgment must be reversed.
We cannot agree with appellant that the court should have given the first instruction it offered, which was a concrete instruction on Butler's contributory negligence. It is true that in Osborne v. Holtzclaw, 193 Ky. 803, 237 S.W. 658, and Cumberland Bus Co. v. Helton, 227 Ky. 587, 13 S.W.2d 753, and authorities cited in them, this court has held that it was error not to give a concrete instruction on contributory negligence. But an examination of these authorities will show that the refusal to give a concrete instruction on contributory negligence is not in all cases prejudicial, but only in those where the instruction is so abstract as to make the jury the judges of both the law and the facts, or where the jury might erroneously conclude that the acts relied on did not constitute contributory negligence. Here there were no specific acts of negligence shown on the part of Butler and if he were an implied invitee, he could assume the dirt space was reasonably safe for his use as a passway and his only duty was to exercise ordinary care for his own safety. Lyle v. Megerle, 270 Ky. 227,109 S.W.2d 598. Under the facts in this case an abstract instruction on contributory negligence was proper.
Appellant insists a verdict should have been directed in its behalf on the theory that the uncontradicted evidence showed the platform was removed from over the *Page 792 
hole by some third person so shortly before the accident that appellant by the exercise of ordinary care could not have discovered same in time to avert the accident. Appellant is not an insurer of its patrons' safety, nor, as a general rule, is it bound to anticipate the independent negligent acts of third parties in removing the platform from over this hole. Kroger Grocery Baking Co. v. Spillman, 279 Ky. 366,130 S.W.2d 786.
The evidence is conflicting as to the length of time the hole remained unprotected. The accident happened around 3:30 P. M., and Durham, superintendent of the park grounds, testified he inspected under the stands at noon on that day and the platform was in place; that just after the accident he discovered it far back under the grandstand with three small boys sitting on it. Six witnesses testified for Butler that on occasions previous to this day they had seen this hole when no platform was protecting it. Appellant would have us draw the deduction from Durham's testimony that it was proved that the small boys removed the platform from the hole between the time of his inspection at noon and the time of the accident at 3:30. But the testimony of Butler's six witnesses that on many occasions previous to the day of the accident they had seen the hole unprotected by the platform makes a direct issue for the jury on the question of whether the covering of the hole had been removed by a third person for such a period of time that appellant by exercising ordinary care could have known thereof, or whether the platform had been so recently removed that appellant by the exercise of ordinary care could not have known the fact. This question was correctly covered in the second instruction the court gave.
Complaint is made by appellant that such testimony offered in behalf of Butler is incompetent. The purpose of this testimony was to show that the appellant had knowledge, or by the exercise of ordinary care could have had knowledge, of the exposed condition of this hole for a sufficient length of time to have corrected it. We cannot agree with the argument that this evidence is incompetent. We have held such evidence competent for the purpose of bringing home notice to a defendant of a dangerous condition on its property. Louisville N. R. Co. v. Jackson's Adm'r, 250 Ky. 92, 61 S.W.2d 1104.
For the reasons indicated herein the judgment is reversed for proceedings consistent herewith. *Page 793 
Whole Court sitting, except Judge Rees who was absent.
Judge Thomas dissents from that part of the opinion which holds Butler was not guilty of contributory negligence as a matter of law, and in leaving to the jury's determination whether an implied invitation was extended to him to use the dirt surface.