## Cline v. Rich.

March 24, 1944.

146

G. D. Milliken, Sr. for appellant.

Chas. R. Bell for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The appellant was seriously injured as the result of a collision between an automobile driven by M. F. Brown and an automobile owned and driven by Clem Rich in which she was riding as a guest. She sued both of them. Rich died, and his administratrix, after the action had been revived against her, filed a separate answer in which she pleaded:

"That the plaintiff on the occasion of the collision complained about in her petition entered into and rode in the automobile of her decedent, Clem Rich, who was the driver of same, and that he at the time and continuously thereafter until the actual occurrence of the collision was so under the influence of intoxicants as to render him careless and indifferent to the safety of himself and of others and as to be unable to manage, operate and control properly his automobile on the highway, and that his being under the influence of intoxicants caused him to drive recklessly and carelessly and so contributed to the accident complained about by the plaintiff that the accident would not have occurred except for his being under the influence of intoxicants, and that the plaintiff either knew or by the exercise of ordinary care could have known at the time she entered the automobile that her decedent as the driver of same was to the extent herein stated under the influence of intoxicants, and that after beginning the journey of her travel which resulted in the accident producing such injuries, if any, * * * as she received she failed to call upon her decedent to stop his automobile and to permit her to alight therefrom and that she failed to take any other reasonable precaution which by the exercise of ordinary care should have been taken by her to avoid injuries to herself, and that by her entering the automobile and continuing in same as herein stated and failing to take reasonable precaution as herein stated she

was guilty of negligence which contributed to and caused the collision and her resulting injuries, expenses and damages, * * * and this defendant pleads in bar to her right to recover of her any sum whatever, her contributory negligence arising as herein stated.''

The jury unanimously found in favor of Brown, and nine of them returned a verdict for the administratrix.

The proof showed that the collision, which occurred in the late afternoon, about ''dusky dark,'' of March 12, 1942, resulted from Rich driving his car at a rapid speed left of the center line of the highway where it rounded a curve; and so clearly did it appear that Brown had not been in fault that appellant withdrew her motion for a new trial as against him. The Court, in, instructing on appellant's contributory negligence, followed the language of Form 138, Stanley's Instructions to Juries, which, in turn, was taken from the instruction directed to be given in the case of Whitney v. Penick, 281 Ky. 474, 136 S. W. (2d) 570; and the only grounds urged for a reversal are that there was not sufficient evidence of Rich's intoxication to warrant the submission to the jury of the issue of appellant's alleged contributory negligence, and that in any event it was improper to give a specific instruction on the subject following an instruction couched in the usual general terms.

A sufficient refutation of appellant's first contention is found in the following facts:

Four unimpeached witnesses, including a reputable physician who attended Rich at the hospital, testified that Rich appeared to be intoxicated following the accident; and some of these and other witnesses stated that they smelled whiskey on his breath. Several witnesses, including a sergeant of the Highway Patrol, testified that a partially consumed bottle of moonshine liquor was found in the glove compartment of the car, and one of them saw several broken bottles at the scene of the wreck. There was testimony that the odor of whiskey could be detected about Rich's wrecked car, and that at least one other member of his party was intoxicated. In addition to this testimony, the manner in which the accident occurred speaks eloquently of its cause. Rich had spent several hours in Bowling Green before the group which he had accomodatingly driven into town

reassembled for the return trip, and, before colliding with Brown's car, had driven his own car a distance of approximately six miles with appellant in the rear seat immediately behind him. While no witness testified that he saw Rich drinking liquor, or that appellant knew that he had done so, the evidence indicating that he was in fact intoxicated and that appellant must have known, or by ordinary observation could have ascertained his condition, was at least sufficent to raise an issue properly submittable to the jury.

Appellant's argument in support of the second ground urged for a reversal is predicated upon the fact that the Court qualified his instructions to find a verdict for appellant in the event the jury believed that the violation of one or more of the enumerated duties of the drivers had caused the collision, by adding the words, "unless you further believe that the plaintiff, Cline, was herself negligent, and that but for her negligence said accident would not have happened." Appellant insists that these qualifications were in fact contributory negligence instructions, and cites the cases of Osborne v. Holtzclaw, 193 Ky. 803, 237 S. W. 658, and Kentucky Public Service Co. v. Topmiller, 204 Ky. 196, 263 S. W. 706, from which decisions may be gathered the principle that it is improper for the Court to give an instruction specifying acts which constitute contributory negligence after instructing on contributory negligence in general terms. But we are unable to agree that the qualifications referred to constituted instructions on contributory negligence within the meaning of the rule contended for. Contemplated by the rule are seemingly conflicting separate instructions which would tend to confuse the jury, rather than enlighten it.

Judgment affirmed.