### HINES v. GIBSON et al.

Court of Appeals of Kentucky.

Nov. 6, 1953.

Rehearing Denied Feb. 19, 1954.

Trent & Beard, Hardinsburg, for appellant.

J. T. Hatcher, Paul M. Lewis, Elizabethtown, for appellees.

WADDILL, Commissioner.

H. B. Hines, d/b/a H. B. Hines Company, appeals from a judgment rendered against him in February, 1952, for $900, awarded appellees as damages resulting from faulty installation of a furnace purchased from appellant by appellees.

The record shows that in the fall of 1949, Gibson and his wife ordered a furnace from Hines who was in the hardware and farm implement business in Hardinsburg. Appellees testified that from the time the furnace was installed in November, 1949, it failed to heat their home, apparently because it had not been properly connected upon installation. Appellees employed various local plumbers or handy men in attempts to bring about the proper operation of the heating system, with no success. Finally, in October, 1950, they employed a heating specialist from Owensboro who discovered an "air lock" and brought the system into operation. The record shows that up to this time the sums expended by appellees to correct the faulty installation did not exceed $247.40. There is no evidence to the effect that the furnace itself was defective.

In February, 1951, a safety valve on the furnace stuck causing a pressure build-up which blew a hole in one of the radiators. Water spewed onto the walls and floors, doing substantial damage before it could be shut off. The evidence is that the valve that stuck was not the valve that was originally on the furnace when Mr. Hines sold it, but that it had been installed by Mr. Gillette, the specialist from Owensboro, at the time he overhauled the heating system. The record also reveals that the radiator that blew out was an old one, not part of the equipment furnished by Mr. Hines, but one that had been in the house when the Gibsons bought it.

In its instruction No. 3 the court properly instructed the jury that they "shall not find for plaintiffs any damages which accrued to plaintiffs after October 19, 1950," the date Mr. Gillette completed his "overhaul" of the heating system. Damages occurring subsequent to that date could not be said to be the proximate result of appellant's faulty installation of the furnace.

In rendering a verdict for $900, which was broken down into $474.91 for repairs to the heating system and $425.09 for property damage, the jury obviously disregarded the instruction of the court not to consider damages accruing to plaintiff after October 19, 1950, since there is no evidence in the record of expenditures or damages in excess of $247.40 prior to that time.

For this reason the verdict was contrary to law, even though the jury may have been misled by instructions numbers one and two into the belief that they could properly award a verdict for damages and for sums expended up to the amount of $1,974.91. Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272.

The court was in error in giving instructions numbers one and two allowing an award of damages in excess of those supported by competent evidence. Such inconsistency in instructions not only tends to confuse the jury but constitutes reversible error. Cline v. Rich, 297 Ky. 145, 179 S.W.2d 237.

Wherefore, the judgment is reversed.