321 P.2d 1009

**M. G. A. THEATERS, Inc., a corporation, Appellant,**

v.

**Edgar E. MONTGOMERY and Gladys N. Montgomery, his wife, and Carol L. Montgomery, a minor, by her guardian ad litem, Edgar E. Montgomery, Appellees.**

No. 6305.

Supreme Court of Arizona.

Feb. 26, 1958.

Struckmeyer, Whitney & Perry, Phoenix, for appellant.

Ragan & Rehnquist, Phoenix, for appellees.

FRANK E. THOMAS, Superior Court Judge.

This was an action by Carol L. Montgomery, a minor, by her guardian ad litem, against M. G. A. Theaters, Inc., for injuries sustained by the plaintiff when she was run over by a car operated by a third person, Henry Romero, while plaintiff was attending defendant's Rodeo Drive-in Theater, Phoenix, Arizona. The parties will be designated as they appeared in the trial court. The jury returned a verdict for plaintiff and against the defendant for $6,000. Defendant appeals from said judgment.

Although defendant makes six assignments of error and advances ten propositions of law, the question presented to this court for consideration is whether there was sufficient evidence to justify the lower court in submitting the case to the jury on the question of defendant's alleged negligence. This, in effect, is admitted by defendant in its brief, and consequently narrows the issue to that extent.

This evidence, presented wholly by plaintiff and the essential parts uncontradicted by defendant, may be summarized as follows: On June 26, 1954, at about 7:00 p. m., plaintiff, at that time seven years old, was admitted to defendant's theater in the company of her mother and several other children and a Mrs. Ruth McClendon, the entire party occupying the latter's car. Defendant's required admission price was paid for all of the occupants of the McClendon car. Mrs. McClendon parked her car near the snack bar. The plaintiff was allowed by her mother to sit on a blanket

in front of the car to view the movie. There were numerous other patrons sitting outside their cars for the same purpose since the night was very warm. No signs warned patrons not to sit outside their cars and no attendants or agents of the defendant requested the plaintiff not to sit in the aisle, or to remain in the car. The aisles of the theater over which patrons were required to operate their automobiles were not lighted in any manner and a sign prominently displayed at the entrance to the theater required patrons to drive with lights out while in the theater.

Sometime after 8:00 p. m. and after the picture had commenced, a car, driven by one Henry Romero, attempting to negotiate the aisle on which the McClendon car fronted, ran over the plaintiff while she was seated in front of the McClendon car. Although the exact position of the plaintiff in relation to the McClendon car and to the aisle was in dispute, it appears that plaintiff was not in the aisle proper, but on the sloping ramp or bank adjacent thereto. Plaintiff suffered a ruptured spleen, necessitating the removal of that organ.

The driver of the car, Henry Romero, left the State immediately after the accident.

Admittedly the law is that it is the duty of the defendant to keep the premises to which the patrons are invited in a reasonably safe condition. Fox Tucson Theater Corp. v. Lindsay, 47 Ariz. 388, 56 P.2d 183. From evidence as heretofore related we are asked to decide whether as a matter of law there was a sufficient showing by plaintiff of conduct or acts, or of a failure to act, on the part of the defendant as to which reasonable persons might differ, and from which a reasonable person might find that defendant had breached its duty to maintain the premises in a reasonably safe condition, in view of all the circumstances and conditions under which persons had been invited to use defendant's premises.

Defendant strongly urges that plaintiff abandoned her status as an invitee by sitting outside of her car to view the picture and that the duty or standard of care owed by the defendant to plaintiff was that owed to a mere licensee or trespasser. We see no merit to this contention. Where a proprietor of a place of amusement knows, or in the exercise of ordinary care should have known, that areas of his premises not originally intended for the use of patrons are being so used, he extends to them implied invitation for such use. In such event the duty of the proprietor to maintain a reasonably safe place then extends to those areas. Louisville Baseball Club v. Butler, 289 Ky. 785, 160 S.W.2d 141. In the instant case the evidence is uncontradicted that on the night in question large numbers of patrons of the defendant's

theater were viewing the picture from without their cars and that there was no sign forbidding such practice nor any request by defendant's agents to refrain from such practice. This evidence was more than sufficient to justify the jury in finding that defendant knew of this particular use of its premises by patrons and made no attempt to prevent it. The duty which the defendant owed to plaintiff was to maintain its premises in a reasonably safe condition in that part of the premises plaintiff occupied as an invitee at the time of the accident. Louisville Baseball Club v. Butler, supra.

Having disposed of the question of the status of the plaintiff and the duty owed her as an invitee by defendant, we are presented with the crux of the matter, viz.: whether or not the evidence was sufficient to justify the finding by the jury that there had been a breach by defendant of the duty owed to plaintiff. It is true that defendant is not an insurer and is not required to keep its premises absolutely safe, the measure of its duty in this respect being reasonable or ordinary care under the particular circumstances and conditions.

In the instant case, we have a child of tender years watching the picture from a position outside of her car, a position shared by numerous other patrons of defendant's theater with respect to their cars, without prohibition or warning from defendant; we have defendant's requirement that cars moving within the theater proceed without lights; and we have unlighted aisles without attendants to guide moving cars or warn persons sitting outside of their cars in close proximity to said aisles. Under these circumstances and conditions. was the jury justified in finding that defendant had failed to exercise reasonable care and that the plaintiff's injuries were the proximate result of defendant's breach of duty?

Before answering this question, consideration must be given a further contention of defendant that it could not as a matter of law foresee the actions of Mr. Romero's car and that it cannot be held responsible for the acts of Mr. Romero in driving said automobile in the absence of knowledge of the peculiar acts or misconduct of said driver. Therefore, defendant contends that the actions were a superseding cause which relieved defendant of liability for plaintiff's injuries. The cases of Lyric Amusement Co. v. Jeffries, 58 Ariz. 381, 120 P.2d 417; Salt River Valley Water Users Ass'n v. Cornum, 49 Ariz. 1, 63 P.2d. 639, and numerous cases from other jurisdictions cited in appellee's brief; and Restatement of Torts, section 348, are determinative of this contention adversely to defendant.

The duty owed by defendant to plaintiff to provide a reasonably safe place.

included the duty to protect the plaintiff from dangers caused by third persons which dangers the defendant could reasonably have foreseen. Here we have a situation which was fraught with danger, a stage setting for tragedy. Large numbers of persons were seated outside of their cars, no theater lights or attendants guided moving vehicles attempting to negotiate the aisles of the theater, the automobiles were required by defendant to move without headlamps operating. Under these conditions, a minimum of foresight on the part of the defendant would have warned of danger to patrons from vehicles moving within the theater, irrespective of negligent conduct on the part of the operator of a moving vehicle.

In the light of the foregoing, the conclusion is compelling that the case was properly one for the jury on the question of defendant's alleged negligence in failing to maintain a reasonably safe place for its patrons and the lower court rightfully refused to assume the power to determine the fact of negligence.

Judgment affirmed.

UDALL, C. J., and WINDES, PHELPS and JOHNSON, JJ., concur.

STRUCKMEYER, J., having announced his disqualification, the Honorable Frank E. Thomas, Judge of Superior Court, Cochise County, was called to sit in his stead.