**KENTUCKY STONE COMPANY, Inc., et al., Appellants,**

v.

**Shelby David GADDIE et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 19, 1965.

Bell, Orr & Reynolds, Bowling Green, for appellants.

Hugh L. Hollingsworth, William G. Fuqua, Russellville, for appellees.

DAVIS, Commissioner.

The appellees, Mr. and Mrs. Shelby David Gaddie, obtained judgment aggregating $8,000 to compensate them for alleged damage to their residence as a result of blasting operations conducted for appellant, Kentucky Stone Company, Inc., by Morgan Construction Company, Inc. The jury's verdict, and the judgment upon it, assessed $4,000 of the total award against Kentucky Stone Company, and $4,000 against the

Morgan Company. The latter company has satisfied the judgment against it and is no longer a party to this appeal.

Appellant, Kentucky Stone Company, presents four assignments of error for reversal: (1) Evidence for appellant was "suppressed" because of a threatened criminal prosecution against appellant's witness; (2) the court erroneously refused to permit a jury view of the dwelling alleged to have been damaged; (3) an erroneous instruction was given, and (4) the trial court erred in refusing an instruction relating to a "loaned servant."

For nearly twenty years appellant operated an under ground limestone quarry in Logan County. In 1960 it began activities looking toward development of an open pit quarry on its property adjacent to the under ground operation. Incident to these latter pursuits appellant engaged Morgan construction Company (hereinafter Morgan) to remove the overburden so as to ready the site for open pit quarrying. In connection with that activity Morgan used explosives; moreover, after Morgan had finished its portion of the work, appellant did some blasting in the same area. According to the appellees, the effect of these blastings was to severely damage the residence of appellees situated slightly more than 1300 feet from the quarry site. Morgan began its work in early December, 1960. Appellant received numerous complaints that Morgan's blasts were causing damage to surrounding properties. In an effort to remedy this situation appellant permitted John Henry Pearson, one of its "dynamite men," to assist Morgan for a period of three weeks beginning February 28, 1961. Pearson remained on appellant's payroll during this entire period.

Appellees asserted below, and reiterate in brief here, that the damages to their residence were so extensive as to preclude the possibility of repair at reasonable cost. They offered some evidence that it would cost $20,000 to "rebuild" the residence after tearing it down. Other evidence for appellees indicated that the reasonable market value of the property had been reduced by some eight to eleven thousand dollars.

On the other hand, appellant presented a witness, Curtis Baker, who testified that the damages were minimal and could readily be repaired at a cost of $1,764.95. It was brought out on cross examination of Baker that he had not had a flashlight when he crawled under appellees' house to inspect it. Baker had said that he could see well enough without such a light, however.

After Baker had testified, and while the trial was in progress, he was sent back to the residence of appellees to make another inspection, this time with an adequate light. When it became apparent that appellant planned to recall Baker for further testimony, counsel for appellees made strenuous objection. Out of the jury's presence, appellees' counsel pointed out that Baker had committed trespass by entering upon the property of appellees and addressing the appellees, said: "Mr. and Mrs. Gaddie, you can take a warrant for Mr. Curtis Baker for trespassing. You can do that at recess." In face of this prospect, appellant's counsel elected not to present Baker on recall as a witness. It is argued that such harassment of the witness was tantamount to "suppression" or "spoilation" of evidence, and sufficient to require reversal. We do not agree. A short answer to this argument is that appellant makes no showing, by avowal or otherwise, as to what the witness Baker would have said upon recall. Obviously we cannot reverse on the speculation that Baker would have said something so significant as to prejudice appellant by its omission. Moreover, we fail to see that offering Baker as a witness, or refraining from using him, had any effect on whether Baker could be prosecuted for trespass.

We agree, however, that the trial court should have permitted a jury view of

the residence in question. Inasmuch as the evidence was sharply conflicting touching the nature and extent of the damage to the house, it seems to us that a jury view should have been permitted. We are mindful of the asserted practical problems of a view, such as the difficulty of having the jurors crawl under the house or upon the roof. But we are not persuaded that these difficulties are insurmountable. If the evidence at another trial reflects no substantial change in the appearance of the house since the cessation of blasting, the trial court will permit a jury view. Cf., Nash v. Searcy, 256 Ky. 234, 75 S.W.2d 1052. KRS 29.301.

 We find that there was prejudicial error in Instruction No. 6 given by the trial court, in words and figures as follows:

"If you find for the plaintiffs, you shall award them such a sum in damages as you may believe from the evidence it would reasonably cost to put said building in the same condition it was in before the injuries were done, not exceeding the sum of $20,000.00 if the injuries may be readily repaired, but if the injuries may not be readily repaired, then you should find for the plaintiffs the difference between the fair market value of the building just before the injuries and its value just after the injuries, not exceeding the sum of $11,000."

The vice of the instruction lies in the fact that it permits a finding of damages up to $20,000 " * * * If the injuries may be readily repaired * * *" whereas the only evidence relating to cost of *repair* placed a maximum of $1,764.95. It is true that the verdict of $8,000 is within the range of testimony for damages (difference in market value before and after the alleged injuries) if the jury found the residence could not be "readily repaired"—but the verdict is silent as to whether or not the jury found the house could be "readily repaired." The parties recognize that the measure of damages in this type case is the cost of repair, if repair may be readily accomplished—or, if not, then the difference in market value before and after the alleged damage. River Queen Coal Co. v. Mencer, Ky., 379 S.W.2d 461; Business Realty, Inc. v. Noah's Dove Lodge No. 20 Ky., 375 S.W.2d 389; 7 Ky. Digest, Damages, The rationale of Pierson v. Commonwealth, Dept. of Highways, Ky., 350 S.W.2d 487, followed in Commonwealth Dept. of Highways v. Cardinal Hill Nursery, Ky., 380 S.W.2d 249, is applicable here and impels reversal, since the verdict is demonstrably erroneous on the amount awarded as damages *if* the house was readily reparable. Whether the jury found the residence to be readily reparable or not is a matter which cannot be discerned from the verdict. We may not indulge the speculation that the jury disregarded the instruction, even though it was erroneous. Hines v. Gibson, Ky., 264 S.W.2d 64. If the evidence is substantially the same upon another trial the court will give separate instructions covering the measure of damages if the jury finds the defects subject to ready repair, and the measure if the jury finds otherwise as to ready repair. Maximum allowances as to each theory shall be stated in the respective instructions, based upon the evidence.

 We do not reach the question whether John Henry Pearson was a loaned servant. It is our view that blasting is such an inherently dangerous operation that a landowner (appellant) may not insulate himself from liability flowing from blasting on his premises merely by entrusting the task to an independent contractor. See Louisville & N. R. Co. v. Smith's Adm'r., 134 Ky. 47, 119 S.W. 241; Pine Mountain R. Co. v. Finley, Ky., 117 S.W. 143; 27 Am.Jur., Independent Contractors, Sec. 39; 33 A.L.R.2d 47, et seq. Cf., Green v. Asher Coal Mining Co., Ky., 377 S.W.2d 68–71.

The judgment is reversed for further proceedings consistent with this opinion.