Martha C. PHELPS et al., Appellants,

v.

HENKELS & McCOY, INC., et al., Appellees.

Court of Appeals of Kentucky.

May 24, 1968.

As Modified on Denial of Rehearing
Nov. 29, 1968.

Robert J. Turley, Lexington, for appellants.

Joseph L. Arnold, Allen, Duncan, Duncan & Arnold, Lexington, for appellees.

MARVIN J. STERNBERG, Special Commissioner.

Appellant, Mrs. Martha C. Phelps, was injured, and the automobile she was driving, which was owned by her husband, appellant Frank T. Phelps, was damaged as the result of its colliding with another automobile. On January 29, 1964, between the hours of 8:30 a. m. and 9:00 a. m., Mrs. Phelps was driving in a northerly direction on South Limestone Street toward Lexington. The appellee, Henkels & McCoy, Inc., agent of the appellee, General Telephone Company, was at this time, and had been prior thereto, engaged in making repairs to underground telephone cables of the General Telephone Company. The manhole from which the repairmen were operating was located in the left lane for northbound traffic. A tent was erected over the manhole, and trucks and other barricades were to the north and south of the opening. Other obstacles, such as smudgepots and various kinds of signs, were in the area approaching the operations.

Water from the manhole was pumped out through a heavy-duty rubber hose laid across the highway into a field on the east side of the highway. Sometime before the collision, traffic passing over the hose caused it to break, and the water pumped onto the north traffic lanes of Limestone Street. The day was dry, clear, and cold. The temperature ranged from 15 degrees F. to 20 degrees F. at 9:00 a. m. Consequently, the water that ran onto the highway froze. After the freezing, no new or additional warning precautions were taken by appellee, Henkels & McCoy, Inc., to notify the traveling public of this icy condition.

Approaching the obstruction and seeing the ice, which she thought to be water, and while driving between 25 and 30 miles per hour, Mrs. Phelps turned into the right-hand lane and proceeded on her way. When the car was on the ice, it skidded to the left across a raised lane divider, went into the northbound lanes of Limestone Street, and with its rear end struck the front end of an oncoming automobile.

The evidence is conflicting as to whether any salt or other abrasive was put on the ice to cause it to melt. Also, there are differences of opinion as to whether the hose broke as much as two hours before the collision.

Appellants attempted to introduce proof from other witnesses that between the hours of 8:30 a. m. and 9:00 a. m. other automobiles traveling in the same direction as appellant and at the point where the collision occurred also skidded. This offered evidence was refused by the court, but is shown by avowals in the record.

Appellants' complaint is twofold. First, appellants charge negligence in creating a hazardous condition and in failing to properly warn the traveling public; and, second, the creation of a hazardous condition which constitutes a public nuisance. However, since failure to exercise reasonable care in the circumstances must be the sole basis for recovery, only one cause of action is presented.

Appellants and appellees, during the trial and at the close of all the evidence made timely motions for a directed verdict, each of which was overruled. Attorney for appellants thereupon tendered three instructions, none of which was given. The court thereupon gave six instructions to the jury. The jury returned a verdict for the defendants, whereupon the court entered a judgment dismissing the complaint.

It is necessary to discuss only two of the instructions and the failure of the trial court to permit the introduction of evidence from other witnesses of skidding of automobiles at the place about which the evidence was heard.

The first instruction that the trial court gave was general in that the court stated as follows:

"The jury is instructed that at the time and place mentioned in the evidence, it was the duty of the defendant, Henkels & McCoy, Inc., to exercise ordinary care for the safety and convenience of the persons using the highway, and if the jury believe from the evidence that the defendant failed to perform this duty, and if the jury further believe from the evidence that such failure, if any, on its part was the direct and proximate cause of the accident, then the law is for the plaintiff, and you will so find; but unless you so believe, you will find for the defendants, or unless you find under Instruction No. 2."

■ The instruction adequately presented the issues and is not subject to attack.

■ Instruction No. 4 which the court gave to the jury failed to include any instruction relative to the right of Mrs. Phelps to recover for any time she lost from work. The evidence does disclose, however, that Mrs. Phelps is a registered practical nurse and that for about a year after the wreck she was unable to work as a practical nurse or even to do her own house work. The evidence conclusively shows that Mrs. Phelps' ability to work was totally destroyed for a period of time. Upon another trial of this action, if the evidence is the same as it was on the former trial, then Mrs. Phelps is entitled to have this element of damages submitted to the jury for its consideration. See Nolan v. Spears, Ky., 432 S.W.2d 425 (decided May 10, 1968).

■ We next turn our attention to the competency of the testimony offered by appellants relative to other cars skidding at the identical place where appellant skidded and at a time within thirty minutes or so prior to the subject collision.

The general rule seems to be that evidence of a previous accident at the same place is incompetent upon the investigation of the cause of a subsequent one.

In Chesapeake & O. R. Co. v. Kelly's Adm'x, 160 Ky. 296, 169 S.W. 736, it was insisted that:

" * * * it was erroneous to permit proof of derailment of this engine at Leon tunnel before this accident."

This court also stated:

"Appellant concedes, however, that this testimony might be competent if the conditions under which the several derailments took place were the same. The proof did show that at Leon there was a curve, the outside rail was worn, and it was this same engine with its rigid truck and 'bald' driver running at about the same speed. These are the elements which appellee contends caused the wreck when Kelly was killed. Appellant has insisted through this trial that such conditions did not cause the derailment. We think it perfectly competent under the circumstances to show that like conditions did produce a like result, and in that way bring home to appellant knowledge of the danger in operating engine No. 143, if the rail is worn at a curve." Chesapeake & O. R. Co. v. Kelly's Adm'x, 160 Ky. 296, 169 S.W. at Page 738.

In Tyler-Couch Const. Co. v. Elmore, Ky., 264 S.W.2d 56, this court stated:

"Proof of the occurrence of other events or acts or conduct upon other like occasions which have relevant and material bearing upon the fact in issue is admissible as tending to explain or show the purpose and character of the particular occurrence under scrutiny."

In Louisville & N. R. Co. v. Loesch, 215 Ky. 452, 284 S.W. 1097, 47 A.L.R. 347, this court held that it was proper to introduce evidence of other accidents happening at the same place and under prac-

tically similar circumstances and conditions. The similarity of circumstances and conditions was shown adequately in the proffered evidence.

The offered evidence was such as tended to show notice on the part of the appellees as well as negligence of a continuing nature. This the jury should have been permitted to hear and consider in determining whether appellees reasonably took action to remove the obstruction or alleged nuisance after learning of its existence. Additionally, the evidence on this point was admissible for the purpose of negating contributory negligence on the part of the plaintiff-appellant. See Louisville & N. R. Co. v. Jackson's Adm'r, 250 Ky. 92, 61 S.W.2d 1104, 1105.

The judgment is reversed for further proceedings consistent with the opinion.

MONTGOMERY, C. J., and MILLIKEN, OSBORNE, PALMORE, STEINFELD, and WILLIAMS, JJ., concur.