**Bruce CLARK, Appellant,**

v.

**R. E. FAWCETT et ux., Appellees.**

Court of Appeals of Kentucky.

Feb. 6, 1970.

Morris Butler, Greensburg, for appellant.

Barry Bertram, Campbellsville, for appellees.

ROBERT O. LUKOWSKY, Special Commissioner.

This appeal is from a verdict and judgment awarding the appellees, R. E. Fawcett and his wife, Rosa, $2,800 for damages to their home allegedly caused by the negligence of the appellant, Bruce Clark, in jacking up their house so that two rows of concrete block could be added to the foundation.

The trial court permitted the appellees to produce proof not only of the cost of repairs to the dwelling, but also of its value immediately before and immediately after the incident allegedly causing the damages. Apparently the trial court believed that on the evidence adduced there was a factual issue as to whether or not the structure might be readily repaired and so framed his instructions. The appellant contends that there was no such factual issue; that all proof was to the effect that the structure was readily repairable; that proof of fair market value before and after the incident should have been excluded; and certainly that the instructions should have fixed as the only measure of damages the cost of repair.

Conceding for the purpose of discussion, but without so deciding, that the appellant is correct in his contention that the action of the trial court was erroneous, we are constrained to ask the question: "In what way. has any such error prejudiced the substantial rights of the appellant?" Ballback's Adm'r v. Boland-Maloney Lumber Co., 306 Ky. 647, 208 S.W.2d 940 (1948); Weaver v. Brooks, Ky., 350 S.W.2d 639 (1961).

A curry-combing of the record establishes: (1) the jury found that the structure could be readily repaired; and (2) the reasonable cost of such repairs was $2,-

800, a figure well below the $4,000 maximum repair cost authorized by the proof. The appellant ascribes different weight and interpretations to the proof of damages than did the trial jury, and perhaps if we were jurors and not judges we would do the same. But we sit to correct prejudicial errors of law, not to substitute our judgment as a super jury for that of a trial jury. We find no prejudicial error here. Business Realty, Inc. v. Noah's Dove Lodge No. 20, Ky., 375 S.W.2d 389 (1963); River Queen Coal Company v. Mencer, Ky., 379 S.W.2d 461 (1964); Kentucky Stone Company v. Gaddie, Ky., 396 S.W.2d 337 (1965).

■ The appellant next submits that he was entitled to a directed verdict because the jury heard no evidence on which it could have based a finding of negligence on his part. We do not agree.

The jacking-up operation was exclusively under the control of the appellant and his employees, and in the ordinary course of things, houses which are being raised do not buckle in the middle if those managing the operation use proper care. Indeed, from this alone, the jury would have been justified in inferring negligence on the part of the appellant. Prosser on Torts, 3rd Ed., 218. Appellant attempted to explain the inference away with testimony to the effect that damage resulted to the house only because its own rotten beams gave way in the rear. But it was not necessary that the jury accept this explanation or rely on this inference alone. The record, and in particular the testimony of the witness L. W. Phillips, reflects that the appellant failed to meet the standards of the trade when he attempted to raise the house one side at a time with an inadequate number of jacks and that there were no rotten beams in the rear of the house. Certainly this creates a submissible issue. Union Light, Heat & Power Company v. Frisch, Ky., 311 S.W.2d 395 (1958).

■ The appellant finally complains about the failure of the trial court to permit the jury to view the dwelling in question. The record fairly reflects that the case was tried on a snowy day with resultant difficult driving conditions and that the structure had been completely repaired so that the damages about which the appellees complained had either been restored to a presentable condition or covered up so they were no longer visible.

The situation here is thus distinguishable from that in Kentucky Stone Company v. Gaddie, supra.

The view authorized by KRS 29.301 lies within the exercise of the sound discretion of the trial court. We fail to find an abuse of such discretion here. Terry & Wright of Kentucky v. Crick, Ky., 418 S.W.2d 217 (1967).

The judgment is therefore affirmed.

All concur.