## Hazard Bus Company et al. v. Wells et al.

(Decided November 30, 1928.)

### Appeal from Perry Circuit Court.

Automobiles.—Under Ky. Stats., Supp. 1928, secs. 2739j-21, 2739j-21a, taxicab operators cannot pick up passengers at points on route over which plaintiff bus companies hold certificates of convenience under section 2739j-1, except at station of operators of taxicab or where prospective passenger has engaged taxicab in advance to pick him up at some point, in which case original trip would begin when taxicab left station.

MERVIN K. EBLEN and J. T. BOWLING for appellants.

MOORE & SMITH for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming in part and reversing in part.

The Hazard Bus Company and the Appalachian Bus Company are corporations authorized under section 2739j-1et seq., Ky. Statutes, 1928 Supplement, to operate busses between Sassafras, Ky., and Hazard, Ky., and perhaps between other points in Perry and Knott counties. On June 15, 1928, they brought this action against 25 defendants, all of whom are appellees here.

The defendants were the owners and operators of taxicabs, and the plaintiffs sought an injunction to prevent the defendants from picking up and discharging passengers at points on the route over which the plaintiffs held certificates of convenience. The defendants did not have such certificates, but they claim that under section 2739j-21a, Kentucky Statutes, 1928 Supplement, they have the right to take on passengers at any point along the route referred to, and that the only restriction placed upon them by this section is that after they have once taken on passengers then they must proceed to their destination without taking on other passengers. Section 2739j-21 reads in part:

> "Nothing in this act shall prohibit a motor transportation company not operating between fixed termini or over a regular route, from making casual trips over routes established hereunder."

Section 2739j-21a defines casual trips as follows:

" 'Casual trips' as used in this act and section means that any person firm or corporation not operating under a certificate between a fixed termini or over a regular route may operate over any route between a fixed termini where other person or persons hold a certificate or certificates, provided that on said casual trips no one shall be allowed to pick up any passenger along the route, nor be permitted on the return trip to haul any person or persons other than those included in the original trip."

On the application for a permanent injunction the court heard oral testimony and at the conclusion of plaintiffs' testimony sustained the defendants' motion to deny plaintiffs' application for a permanent injunction and to dismiss the petition. The chancellor construed the statute quoted, supra, as meaning that the original trip does not begin until a passenger or passengers are obtained at some point, wherever that may be, and that a person not operatng under a certificate may take on one or more passengers at a point along a route over which a certificate of convenience has been granted to another, but that he cannot thereafter transport any other passengers than those that began the original trip until after his return trip has been made. This construction is entirely too narrow and would defeat the purpose of the statute. Operators of taxicabs could leave their stations a few minutes before the regular bus was due, drive over the route and pick up as passengers those who were waiting for the bus. This was shown to have been the custom followed by some of the defendants in this case.

The evidence discloses that the defendants, Riley Wells and Jim Johnson, live on the highway between Sassafras and Hazard, one-fourth mile and one-half mile respectively from the railroad station at Jeff, which is located at the point where the railroad crosses the highway. When passenger trains were due these defendants would drive to Jeff and solicit as passengers persons who were going to Hazard. Without reciting the evidence it is shown that in addition to these two defendants, ten other defendants who operate taxicabs picked up and discharged passengers along the route over which appellants operated their busses. These ten defendants

are Omer Estep, Joe Gayhart, Miles Cook, Jack Collins, Melvin Brewer, Virgie Acres, D. Combs, Shelby Jones, Joe Spencer, and Joe Carroll. As to some of these defendants it was not shown that after picking up their first passengers they picked up other passengers before reaching their destination, but it was shown that the first passengers were picked up on the route referred to at points other than the taxi stations of the defendant and without any previous arrangements between the taxi operators and the passengers. This is immaterial, however, since a proper construction of section 2739j-21a precludes any person, not operating under a certificate between fixed termini, from picking up any passengers at any point along the route other than the station of the operator of the taxicab. We do not mean to be understood as holding that a prospective passenger may not engage a taxicab in advance to pick him up at any point, but under such circumstances the original trip would begin when the taxicab left its station, and the operator would be in the employ of the passenger from that time, and the return trip would end when the taxicab returned to its station.

There was some evidence that one George Butler engaged in the transportation of passengers along the route referred to in violation of the statute, but his name does not appear in the petition. The name of George Buckner appears in the caption, but his name does not appear in the body of the petition, and there is no averment that he at any time carried passengers on the route in question. There is no evidence tending to support the averments of the petition as to any defendants other than the twelve defendants above named.

It follows that the judgment of the lower court sustaining the motion to deny plaintiffs' application for injunction must be affirmed as to George Buckner and the defendants against whom no evidence was introduced. As to Riley Wells, Jim Johnson, Omer Estep, Joe Gayhart, Miles Cook, Jack Collins, Melvin Brewer, Virgie Acres, D. Combs, Shelby Jones, Joe Spencer, and Joe Carroll, the judgment is reversed, with directions to enter a judgment in conformity herewith.