# McCormack et al. v. Cole et al.

(Decided Oct. 6, 1936.)

WILLIAMS & ALLEN and ALLEN & ALLEN for appellants.

T. J. ARNETT for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellants and plaintiffs below filed this equity action in the Magoffin circuit court against the appellees and defendants below, seeking an injunction prohibiting defendants from transporting passengers for hire on the public highways without obtaining the necessary

certificates and permits to do so, whereby they were in unlawful and unfair competition with plaintiffs, who had fully complied with the statutes relating to the subject and were engaged in the same business in the same community. There was a misjoinder of plaintiffs and defendants, but the question was waived by not properly presenting it in the court below. Defendants admitted, in their joint answer, full compliance with the statutory regulations by plaintiffs and noncompliance therewith by themselves; but they denied that they were engaged in the transportation with which they were charged in plaintiffs' petition. By agreement the evidence was heard orally before the court and transcribed by the court stenographer and filed as a part of the bill of evidence. At the close of the hearing of proof plaintiffs dismissed the case against six of the defendants, who were Nora Carpenter, Grace Salyer, Tom Howard, Kelly Oney, Bruce Holbrook, and Clell Perkins, but the case was submitted as against the others upon the evidence heard, and the court dismissed the petition as to them. To reverse that judgment plaintiffs prosecute this appeal.

The latest statute, in force at the time involved and at the time of the trial of the action, is chapter 104 of the Session Acts of 1932, p. 514, and which is now section 2739j-42 to and including section 2739j-96 of Baldwin's 1933 Supplement to Carroll's Kentucky Statutes. Article 2 of the act, now section 2739j-45 to and including section 2739j-61, prescribes for and regulates the granting of certificates and permits to common carriers of passengers between fixed termini, usually designated as ''Bus passenger lines''; whilst sections 2739j-62 to and including 2739j-91 prescribe for the issuing of certificates and permits to carriers of passengers under contract, but not over routes with fixed termini, the prosecutors of which business are usually referred to as ''Taxi'' operators. It is the latter business in which plaintiffs are engaged and for which they duly qualified themselves under the applicable statutes, and which they sought to protect by this action by preventing defendants competing with them without having complied with the provision of the same statutes.

Not being furnished with a brief for appellees, and the judgment not assigning the reasons for the court's decision, we are left to speculate and surmise as to the

reasons why the court so concluded. Perhaps the trial judge may have been under the impression that plaintiffs could not maintain this action because the relief sought involved an injunction to prevent defendants from violating the statute with which they were charged and thereby committing a crime, and that equity would not enjoin the violation of the criminal laws of the commonwealth. If, however, the court so concluded, he was in error, since such injunctive relief may be obtained by one who sustains property damage because of the violation. That right was upheld and applied by us in the recent cases of Slusher v. Safety Coach Transit Company, 229 Ky. 731, 17 S. W. (2d) 1012, 66 A. L. R. 1378, and Hazard Bus Company v. Wells, 226 Ky. 591, 11 S. W. (2d) 413. But, independently of those decisions, section 2739j-92 of the statute, supra, expressly prescribes that: "Any common carrier, contract carrier [taxi drivers] or any other person, firm or corporation may, at the instance of the Commission or of any person having an interest in the subject-matter, be enjoined by the courts of this State from any violation of the provisions of this Act, or of any order, rule, regulation or requirement of the Commission." That section is section 24 of article 4 of the act, supra, and it is complete authority for the maintenance of this action to obtain the relief sought by plaintiffs. So that, we again repeat, if the court took the view indicated, it was and is an erroneous one.

Again, the court may have concluded that the testimony did not establish the charges preferred by plaintiffs against defendants, and, if that be true, then we are forced to the conclusion that the court was also in error in arriving at any such determination, if he did so. It will be remembered that defendants in their answer admitted that they had made no effort whatever to comply with the provisions of the statute. They were shown to have been in competition with plaintiffs and appear to have been regularly engaged in such unlawful enterprise. The evidence overwhelmingly supports that conclusion, leaving no room for an opposite one. That being true, the court should have granted the relief sought against the defendants who were not dismissed from the action, and who are the appellees here. The statute is a most wholesome one. Its regulations and requirements all contribute to the safety of the members of the

traveling public who may patronize the ones conducting the regulated business, as well as others using the same highway, and they should be enforced without hesitation.

Having so concluded, it follows that the judgment should be, and it is, reversed, with directions to set it aside and to grant the injunction prayed for; and for other necessary orders not inconsistent with this opinion.