# Allen et al. v. Black Bus Lines.

May 19, 1942.

Napier & Napier for appellants.

A. T. W. Manning for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is an appeal from a judgment of the Clay circuit court finding Lucian Allen and John E. Parker guilty of contempt and assessing a fine of $30 against each of them.

We are met at the outset by a motion to dismiss the appeal, which has been passed to the merits. The motion is based on the theory that this court is without jurisdiction, since Section 347 of the Criminal Code of Practice grants to a defendant in a criminal proceeding the right to have a judgment reviewed by the Court of Appeals only where the judgment is for a fine for as much as $50. It is argued also that if the fines assessed are for civil contempts, Section 950-1 of the Kentucky Statutes controls, and this court is without jurisdiction since the amount in controversy is less than $200. It seems to be well-settled that an appeal lies in a civil contempt proceeding notwithstanding the provisions of Section 950-1, Kentucky Statutes. Gibson v. Rogers, 270 Ky.

159, 109 S. W. (2d) 402; Union Light, Heat and Power Company v. Mulligan, 177 Ky. 662, 197 S. W. 1081. It remains to be determined whether the present proceeding is civil or criminal in nature. It grows out of an action instituted by O. H. Black and W. D. Black, partners doing business under the firm name of Black Bus Lines, against appellants and twenty other defendants in which the plaintiffs sought an injunction against the defendants enjoining them from operating motor vehicles and carrying passengers for hire over and along the routes embraced in the franchises and permits of the plaintiffs in Clay, Jackson, Leslie, and Laurel counties. The plaintiffs were the owners of passenger bus permits issued to them by the Commonwealth of Kentucky authorizing them to operate passenger buses along certain routes designated in the permits. One of the permits authorized them to operate passenger buses between Richmond, in Madison county, and Manchester, in Clay county, and another between Manchester and Corbin, in Whitley county, by way of London, in Laurel county. The defendants were operators of taxicabs. The circuit court overruled plaintiffs' motion for a temporary injunction, but plaintiffs, pursuant to Section 296 of the Civil Code of Practice, applied to a judge of the Court of Appeals for an order directing the judge of the Clay circuit court to issue the temporary injunction prayed for in their petition, and on May 4, 1940, the motion was sustained and a temporary injunction was granted ''preventing the defendants from picking up passengers along the routes covered by plaintiffs' permits.'' It was provided in the order that it should not be construed as enjoining the defendants from exercising authorized privileges for conducting a taxi business. On December 11, 1940, a rule was issued on motion of the plaintiffs against Lucian Allen and John E. Parker requiring them to show cause why they should not be adjudged in continuing contempt for violating the injunction by unlawfully and wrongfully picking up and transporting, without a special contract or prearrangement as taxi drivers, passengers for hire over and along the routes and highways embraced in the franchises and permits of the plaintiffs. The primary purpose of the contempt proceeding was not to preserve the power and vindicate the authority of the court by punishing the defendants for an act of disobedience, but was to enforce the performance of an act for the benefit of oppos-

ing parties to the pending litigation. The contempt proceeding was instituted by the plaintiffs and was solely in aid of their rights, and the contempt judgment was intended as a coercive measure to enforce the order theretofore entered in their favor. The proceeding therefore, under our decisions, is civil in its nature. Gibson v. Rogers, supra; Hall v. Hall, 246 Ky. 12, 54 S. W. (2d) 391; Akins v. Peak, 239 Ky. 847, 40 S. W. (2d) 324. The motion to dismiss the appeal is overruled.

On the hearing of the rule requiring Allen and Parker to show cause why they should not be punished for violation of the injunction, considerable proof was introduced. It showed that the defendants had been operating their taxicabs along the routes over which the plaintiffs had passenger bus permits. They made trips practically every day and frequently several trips a day, and carried as many as seven passengers on one trip. There was proof that passengers were carried in both directions on the same trip, and that passengers were picked up along the route. The appellants claim that they carried passengers over the routes or picked up passengers along the routes only by prearrangement or after a special contract had been made, but there was ample proof to sustain the chancellor's finding that appellants were doing far more than making occasional or casual trips to transport persons for hire over the routes set apart to the appellees. The rights of a taxi driver in conducting his business along routes over which a common carrier is operating under a certificate of public convenience and necessity are clearly defined in V. T. C. Lines, Inc., v. Durham, 272 Ky. 638, 114 S. W. (2d) 1089, and Hazard Bus Company v. Wells, 226 Ky. 591, 11 S. W. (2d) 413. The proof heard by the chancellor tended to show that appellants had wholly ignored the order of injunction.

The judgment is affirmed.