# Black et al. v. Palmer.

Feb. 12, 1943.

232

A. T. W. Manning for appellants.

O. P. Jackson and Selby Wiggins for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

At the dates of the controversial matters involved herein appellants and plaintiffs below held permits, and other qualifications, granting to them the privilege of operating passenger busses between the cities of Richmond, Kentucky, and Irvine, Kentucky, over State Highway No. 52; whilst defendant and appellee here, John T. Palmer, had a contract with the United States Government to carry and distribute mail along the same route and between the same termini. He equipped himself with the necessary motor vehicle to perform such duty and applied for and obtained a taxicab certificate; a truck certificate, and a driver's license.

On December 22, 1941, plaintiffs filed this equity action in the Madison circuit court against defendant, seeking to enjoin him from violating his permits by picking up and transporting passengers along the route over which he was carrying the mail, and along and over which plaintiffs held their permits for that purpose. Defendant denied the violations charged against him in the petition, and after proof was taken and the cause submitted to the court it rendered judgment dismissing plaintiffs' petition, from which they prosecute this appeal. Defendant's counsel has moved this court to strike from the record the evidence heard at the trial, upon the ground that the stenographer's transcript thereof was not approved by the presiding judge of the Madison circuit court, and that motion was passed to a hearing of the appeal on its merits, and which presents the first question for our determination.

Before the trial was entered into the parties by agreement stipulated that the testimony should be heard orally before the court, and that it be taken in shorthand by the official Court Reporter to be transcribed later, and then filed with the Clerk of the Court, "and said official transcript of the testimony of said witnesses, taken upon said hearing herein, when so certified shall be treated and deemed to be the deposition of each respective witness, without further orders of the court being necessary

to perfect said testimony for purpose of appeal or otherwise.'' That agreement was signed by attorneys for both litigants and filed in the cause by an order of court. Thereafter the court in rendering its judgment recited that agreement therein. In view of such undenied facts it is obvious that defendant waived the right and is now estopped to insist on strict compliance with the practice requiring such documents to be approved by the court. Consequently the motion to strike is overruled.

The proof showed indisputably—being expressly admitted by defendant himself—that he continuously and daily hauled passengers (from one to seven or eight at a time) along his mail route and over which (as we have seen) plaintiffs held permits for the carrying of passengers. There does not appear to be any proof that he carried passengers on any through trip from one terminus to the other one, but would pick up travelers at certain points between the termini of his route and carry them to the forward one to which they desired to go, and then on a return trip he would deliver them back to their destination place. On occasions he would pick up a pedestrian traveler along the route and carry him to a destination at another point along the same route. Such transactions, as we have said, were admitted by him, but he claimed that he made no charge therefor, and that his transportation of such passengers was gratis as to each of them. He also testified that the same was true as to pedestrians he picked up along his route and delivered to their destination along the same route, and as to them he said that he was also performing the ''Good Samaritan act,'' and for which he made no charge. However, the passengers carried by him—and whom he picked up at one or the other of the termini of his route—or whom he picked up along the route and carried to it, were laborers at one or the other terminus of his route, and on certain days of the week they would obtain grocery supplies for the incoming week, or perhaps, other merchandise, and that he agreed to and did transport such supplies and that the owners of the transported goods paid him for such services $1.25 per week, but which he claimed was payment only for transporting the freight or merchandise of the passengers, who owned it and that no charge was made for transporting the owners. Some passengers might not obtain but little, if any, merchandise to be transported, but they usually would carry

small packages of luggage along with them, and it would appear that the weekly fee they paid was for transporting their luggage. Defendant stated that in performing the services above outlined he exacted no charge against any of his passengers, but he admitted—and they so testified—that on the trips when such merchandise was transported they paid him the amount above stated in satisfaction of all transportation services for the current week.

The rights and privileges of passenger motor vehicles along and over the public highways of the commonwealth, and the limitations of their privileges, as outlined in our applicable statutes are set forth in our opinion rendered in the case of V. T. C. Lines, Inc., v. Durham, 272 Ky. 638, 114 S. W. (2d) 1089, none of which is it necessary to re-publish in this opinion, since the reader may obtain the same information by consulting that case. That case was referred to (and without repeating the various statutes pointed out in that opinion) in the still later case of Allen et al., v. Black Bus Lines, 291 Ky. 278, 164 S. W. (2d) 482. But neither of those cases, nor any others cited in those opinions called attention to section 281.990 of the 1942 edition of KRS (2739j-90 of Baldwin's 1936 edition of Carroll's Kentucky Statutes) saying: "Every device to evade, or to prevent the application of any provision of this Act, or any lawful order, rule or regulation of the Commission issued pursuant to the provisions of this Act, is hereby forbidden and declared to be a violation of this Act."

We construe that statutory provision as possessing the same purpose and effect as section 2554a-11 of the 1930 edition of Carroll's Kentucky Statutes, prescribing that "no trick, device, subterfuge or pretense, shall be allowed to evade the operation or defeat the purpose of this law," which section was a part of our then prevailing statutes relating to intoxicating liquors. Therefore, our current statutory provision supra, relating to Motor Carriers, by which devices are emlpoyed to evade any provision of the statute would, not only be a separate offense, but likewise unavailable as a defense in avoidance of any of its violations.

That the acts of defendant in accepting and retaining the weekly pay from his passengers—some of whom he sought out at the beginning of the trips by traveling a considerable distance to their residences—constituted

a device to avoid the penalties of a violation of his permits, is patently obvious, and the court erred in determining otherwise. Neither may he be excused, as intimated in brief of his counsel, under the privileges that he might have possessed as a "Contract Carrier,"—but which status he denied, since he steadfastly insisted that he neither preferred, exacted, or demanded any pay for the passenger transportation services he rendered. On the contrary, he testified that such payments were voluntarily made by the passengers in consideration for transporting their freight and luggage. However, this case is governed by the act of March 17, 1932, chapter 104, and its various Articles and subsections. That act was amended by one enacted in 1942, which is chapter 185, page 827, of the Session Acts for that year; but whatever changes, if any, that the 1942 act may have made in or to the 1932 act would not apply to any of the transactions here involved, since they covered periods antedating the 1942 act. The 1932 act, section 2730j-42 et seq. of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, says in its first section defining carriers that the phrase "Contract Carrier" "shall not be construed to mean * * * [one] who does not engage in the transportation business but makes occasional or casual trips to transport persons or the property of others for hire." By no rule of construction may that definition be stretched so as to embrace the acts and transactions of defendant sought to be enjoined by plaintiffs in their petition. The trips made by defendant in performing the character of transportation complained of were not "occasional or casual" ones. On the contrary, such trips and the transportation complained of, were made over a regular route, also on schedule time, and were the same as those performed by plaintiffs under their permits to operate passenger busses along and over the same route. Therefore, the unauthorized acts of defendant were in direct competition with plaintiffs' business, given them by their permits; whilst defendant was given no such privilege by his permits.

It follows, therefore, that the court erred in the judgment it rendered, which is now reversed, with directions to set it aside and to render one granting the perpetual injunction prayed for in plaintiffs' petition, and for such other proceedings as may be necessary, not inconsistent with this opinion.