## Wolf et al. v. Cumberland Coach Corporation.

June 2, 1944.

G. G. Rawlings for appellants.

J. C. Baker for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

During the spring of 1943, judgments were entered in separate actions instituted by appellee enjoining appellants from operating taxicabs for hire between points on the highway covered by appellee's franchise except where they had "made a previous engagement to pick up a passenger at a given point on said road," and in returning "said passenger or passengers to the original point where first picked up under said agreement." The validity of these judgments is not questioned on this appeal, although it may not be inappropriate to remark that they appear to be in the form approved by this Court in similar cases. Hazard Bus Company et al. v. Wells et al., 226 Ky. 591, 11 S. W. 2d 413. On June 30, 1943, an order was entered in each case adjudging the defendant guilty of contempt of court but reserving the penalty to be inflicted. According to the recitals in the orders, contempt rules had been issued against each defendant, and the evidence heard at a joint trial at which the defendants were present and represented by counsel.

On August 23, 1943, after hearing additional testimony offered by both sides, the Court fixed the punishment of each defendant at a fine of $10, and directed that unless the fine and costs be paid, replevied, or superseded, the defendant be placed in jail.

Following the execution of supersedeas bonds, the

defendants have perfected appeals from the orders of June 20, and August 23, 1943; and that we have jurisdiction to review a judgment imposing a penalty for civil contempt, irrespective of the severity of the penalty imposed, is settled by our decision in the case of Allen et al. v. Black Bus Lines, 291 Ky. 278, 164 S. W. 2d 482, 483.

The analysis of the evidence attempted by appellants' counsel is insufficient on its face to support his contention that the Chancellor was not justified in adjudging appellants guilty of contempt. However, we have read the testimony heard on June 20 and August 23, 1943, and have no doubt of its sufficiency to support the Chancellor's conclusion. The facts in this case are so similar to those involved in the case of Allen et al. v. Black Bus Line, supra, that a reading of the concluding paragraph of that opinion will suffice to inform the reader of the character of the transgressions of which the appellants in the case at Bar were guilty.

Appellants' contention that so much of the Motor Carriers Act as authorizes the issuance of Certificates of Public Convenience and Necessity conferring exclusive privileges on the holders of such certificates, KRS 281.040 et seq., is unconstitutional, may be summarily disposed of by a reference to the cases of Hazard Bus Company et al. v. Wells et al., supra; V. T. C. Lines, Inc., v. Durham, 272 Ky. 638, 114 S. W. 2d 1089; Allen et al. v. Black Bus Line, supra; Black et al. v. Palmer, 293 Ky. 231, 168 S. W. 2d 752. Their contention that punishment for offenses involving contempt of Court, can be inflicted only after trial and conviction under criminal procedure is undeserving of notice in view of the many decisions of this Court on the subject. Crook et al. v. Schumann et al., 292 Ky. 750, 167 S. W. 2d 836. As particularly applicable to the procedure followed in this case, see the cases heretofore cited in this opinion.

Likewise, we find no merit in appellants' suggestions that they were not sufficiently informed of the accusations against them, and that they were prejudiced by the action of the Court in trying them jointly.

Judgment affirmed.