This is an appeal from a judgment of dismissal entered by the Hudson County Court at the close of the plaintiff's case in a death action.
Shortly after 9 P.M. on October 20, 1946, the defendant George R. Meyer was driving a north-bound bus of the defendant The Hudson Bus Transportation Company, Inc., along County Avenue, Secaucus. The area was described as "open country," the road was macadam, forty feet in width from curb to curb, and had a white center line. At the same time the decedent Connell Beasley was riding his motorcycle in a north-bound direction, carrying William Evtush as a passenger, and defendant James Haddon was driving a south-bound bus of the defendant The Hudson Bus Transportation Company, Inc., along County Avenue. As the buses approached each other and while the motorcycle was passing the north-bound *Page 183 
bus, there was an accident resulting in the instant death of Beasley and his passenger. The plaintiff's action, brought in her capacity as administratrix, is rested upon the allegation that the death of the decedent Connell Beasley was caused by the negligence of the defendants.
The evidence introduced by plaintiff included testimony by the defendants Meyer and Haddon and Mrs. Anna Lynch, a passenger on the south-bound bus. Much of the evidence was in conflict but plaintiff is entitled, at this stage of the proceeding, to the benefit of all favorable testimony together with such reasonable inferences as may be drawn therefrom. Dobrow v. Hertz,125 N.J.L. 347, 348 (E. A. 1940).
Prior to the accident Meyer had observed, through his side and front mirrors, the headlights of the decedent's motorcycle when it was about one-half mile behind his bus; he saw the headlights again and heard the noise emitted by the motorcycle when it was several hundred feet behind the bus. Similarly the driver of the south-bound bus had seen the headlights of the motorcycle, as well as the other bus. Mrs. Lynch, the passenger on the south-bound bus, testified that as they approached the point where the accident happened "the bus driver of the north-coming bus blinked his headlights at the bus driver of the bus that I was on;" that, "At that point both buses slowed down as they were advancing toward each other;" and that "they were both heading to the center of the road." She further testified that she then heard the thud of the motorcycle hitting the south-bound bus and that immediately after the accident both buses were "in the center of the road." Both drivers indicated in their testimony that they had come to complete stops at the time of the impact and the driver of the south-bound bus testified that when he had brought his bus to a stop he covered his eyes with his arm and did not see the impact.
The lower court, in granting the defendants' motion for dismissal, found that the plaintiff had not produced sufficient evidence of negligence to require the defendants to proceed with their defense. We have reached a contrary conclusion. We believe that there was adequate evidence from *Page 184 
which the jury could have inferred that, notwithstanding knowledge of the oncoming motorcycle, the bus drivers had converged to the center of the road where they were slowing their vehicles or bringing them to a stop. Whether this was done to enable them to converse or for similar reason is not established. However, regardless of their purpose, the effect of their conduct was to obstruct the motorcycle as it sought to pass the north-bound bus. The road was wide, there were no other vehicles in the vicinity, and no proper cause appeared for the buses being slowed or stopped at or near the center line. Cf. Ceccomancinov. D'Onofrio, 111 N.J.L. 494, 499 (E. A. 1933). We believe that the jury might properly have inferred, upon acceptance of the testimony favorable to the plaintiff and the reasonable inferences therefrom, that the conduct of either bus driver or both negligently prevented the safe passage of the decedent's motorcycle to the left of the north-bound bus, causing his death.
The defendants have not asserted directly that the lower court's dismissal should be sustained on the ground that decedent was guilty of contributory negligence although they do contend that the accident resulted solely through his fault. We are satisfied that the evidence at the close of the plaintiff's case was not such as would clearly exclude reasonable interpretations other than that the decedent's conduct in overtaking and passing the slowed or stopped north-bound bus, under the circumstances presented, was contributorily negligent. Cf. Simpson v.Snellenburg, 96 N.J.L. 518 (E. A. 1921).
The judgment of the County Court is reversed and a new trial ordered. *Page 185