6 N.J. Super. 324 (1950)
71 A.2d 219
ROY A. PHILPOT AND CATHERINE PHILPOT, PLAINTIFFS-APPELLANTS,
v.
KENNETH M. RHINESMITH, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 30, 1950.
Decided February 8, 1950.
*325 Before Judges JACOBS, DONGES and BIGELOW.
Mr. Herman D. Edelson argued the cause for the appellants (Mr. Samuel Raff on the brief).
Mr. Jacob H. Bernstein argued the cause for the respondent (Mr. G. Gerson Isenberg, attorney).
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from a judgment of dismissal entered in the Passaic County Court at the close of the plaintiffs' case.
*326 Plaintiffs, the owners of a bungalow in Wayne Township, planned to build an addition thereto. It was necessary to blast rock for a cellar and the defendant, a blasting contractor, was engaged for that purpose. The defendant assured plaintiffs that there was no cause to fear that the house would be damaged. By July 19, 1947, the first phase of the defendant's blasting operation was completed. The plaintiffs then caused the resulting loose rocks to be removed and after their removal the house and its walls were "intact." About a week later the defendant returned to the premises "to do the second phase of the operation in order to get down to the proper depth for the cellar." Plaintiffs were away while the blasting took place but, when they returned, they found their house seriously damaged. When plaintiff Roy Philpot saw him a day or two later, the defendant, in response to an inquiry as to what had happened, said "We had a little accident" and that "the man must have drilled too deep and put in too heavy a charge to crack the walls of the house like that." The defendant promised to "take care" of the damage but failed to do so. Thereupon plaintiffs instituted their action in the lower Court alleging that, as a result of the defendant's negligent performance of his work, they suffered damage for which they claimed recovery. The testimony of the plaintiffs and the reasonable inferences which may be drawn therefrom in their favor (Beasley v. Hudson Bus Transportation Co., Inc., 5 N.J. Super. 181, 183 (App. Div. 1949)). were sufficient to establish the facts hereinbefore set forth; on the defendant's motion at the close of the plaintiffs' case the lower Court dismissed the action on the ground that no negligence had been shown.
We believe that negligence was reasonably inferable from the circumstances and the admissions of the defendant. Cf. Sibley v. City Service Transit Co., 2 N.J. 458, 464 (Sup. Ct. 1949). In any event, under the doctrine of res ipsa loquitur, the plaintiffs were entitled to call upon the defendant for his explanation. Mumma v. Easton and Amboy R.R. Co., 73 N.J.L. 653, 658 (E. & A. 1906). The damage was, under the evidence, caused by an instrumentality entirely within the *327 defendant's control and the circumstances indicated that, in the ordinary course of things, it would not have resulted if due care had been used. Whitla v. Ippolito, 102 N.J.L. 354, 357 (E. & A. 1926).
Defendant advances the additional contention that the judgment of dismissal may be sustained on the ground that the plaintiffs did not satisfactorily establish the amount of their damage. The plaintiff Roy Philpot, a carpenter and builder, described the nature and extent of the damage to the building and listed the cost of labor and material required for necessary replacements and repairs. There was no objection to this testimony nor was any point raised below with respect to its adequacy; it was admissible and sufficient to withstand the motion for dismissal. Cf. Smith v. Ryan, 10 N.J. Misc. 296 (Sup. Ct. 1932); Maurer v. Simon, 4 N.J. Misc. 409 (Sup. Ct. 1926).
The judgment is reversed and a new trial ordered.