Denver Clay MARR et al., Appellants,

v.

FALLS CITY STONE COMPANY, Appellee.

SILLIMAN, Appellant,

v.

FALLS CITY STONE COMPANY, Appellee.

Denver Clay MARR et al., Appellants,

v.

DERBY CONSTRUCTION COMPANY, Inc., Appellee.

Court of Appeals of Kentucky.

Jan. 26, 1962.

J. W. Jones, Louisville, for appellants.

B. L. Shamburger, Louisville, for appellee.

CLAY, Commissioner.

These consolidated appeals present a procedural nightmare. The ultimate aim of the appellant plaintiffs is to try on the merits a damage suit against the Derby Construction Company, formerly the Falls City Stone Company.

In 1955 the three plaintiffs brought suit against the R. B. Tyler Company and the Falls City Stone Company, alleging they were jointly maintaining a nuisance. In 1957 plaintiffs amended their complaints and alleged separate causes of action against these two defendants. On January 4, 1958, the trial court on motion dismissed the claim against Falls City Stone Company without prejudice "on the ground of misjoinder of parties defendant". This order was qualified by the condition "that a new suit would be filed against this defendant", and a trial date was fixed.

Pursuant to the provision of the January 4 order of dismissal, on January 8, 1958 plaintiffs filed a separate suit against the Derby Construction Company (successor to the Falls City Stone Company). A few days thereafter this defendant answered and moved the court for summary judgment dismissing the suit on the ground it was barred by the statute of limitations. No immediate ruling was made on this motion.

When plaintiffs realized that the statute of limitations might constitute a bar to the claim asserted in their new suit filed in 1958 (which apparently would not bar the claim asserted in the suit filed in 1955), they promptly moved the court to set aside the original order of dismissal entered on January 4, 1958. This motion was overruled, plaintiffs took an appeal, and this Court dismissed the appeal on the ground the order was not final. Marr et al. v. Falls City Stone Company, Ky., 329 S.W.2d 71.

During the pendency of that appeal and after it was decided, various proceedings were had in the trial court. On June 20, 1958 the original claim against the R. B. Tyler Company was tried and adjudicated by the entry of a final judgment. On January 20, 1960 the court ruled on the summary judgment motion of the defendant Derby Construction Company in the new suit filed against it in 1958, and dismissed the action. One of the appeals before us is from this judgment.

On February 16, 1960 the trial court, on plaintiffs' motion, made the old order of January 4, 1958 final and appealable (under CR 54.02). The second set of appeals before us is from this amended order.

It is contended by defendant Derby Construction Company that we cannot en-

tertain the appeals from the order of January 4, 1958 (made final February 16, 1960) for the reason that it had already become final on June 20, 1958, when the claim against the R. B. Tyler Company was adjudicated. Under CR 54.02, as interpreted prior to the 1960 amendment and under the specific wording of the 1960 amendment, that former interlocutory order did become final on June 20, 1958. (This is likewise true of the trial court's order of February 7, 1958 overruling plaintiffs' motion to set aside the order of January 4, 1958.) No appeal was timely taken by plaintiffs after the entry of the final order in the suit against the R. B. Tyler Company on June 20, 1958, and consequently we must again dismiss the appeals from the January 4 order.

■ The proper construction of that order, however, is determinative of the appeal from the summary judgment granted the Derby Construction Company in the new suit against it. For misjoinder of parties, under the specific provisions of CR 21, the court should not have dismissed the original action against the Falls City Stone Company. The proper procedure would have been to sever the claim and permit the parties to proceed as in the case of separate actions. See Clay, CR 21, Comment 3.

The trial court took an unnecessary step in requiring plaintiffs actually to file a new action. However, it is not only obvious from the terms of the order of dismissal, but it appears from the affidavit of the trial judge, that the order was to have the same effect as a severance. In addition, as shown by the trial judge's affidavit, he understood the statute of limitations would not be invoked as a defense against the new suit (if such defense was not available when the original suit was filed).

■ We are of the opinion that justice demands our treating the new suit against Derby Construction Company, filed pursuant to the order of January 4, 1958, as a continuation of the original proceeding. This would conform to CR 21 and to the intent manifested in that order and expressed by the trial judge. (It may be pointed out here that the judge who entered the order of January 4 retired from the office a few days thereafter, and consequently the subsequent rulings in these cases were not his.) The plea of the statute of limitations must therefore be based upon the 1955 date when the original claim was filed and not on the 1958 date when the proceedings were continued in the form of a new suit.

Because this defense was not considered on that basis, the summary judgment in the suit against the Derby Construction Company was erroneous and it must be reversed.

The appeals in the cases of Marr et al. v. Falls City Stone Company and Silliman v. Falls City Stone Company are dismissed, and the appeal in the case of Marr et al. v. Derby Construction Company is reversed for proceedings consistent with this opinion.