**SECURITY FIRE & INDEMNITY COMPANY, Appellant,**

v.

**Howard L. HUGHES et al., etc., Appellees.**

Court of Appeals of Kentucky.

Oct. 9, 1964.

W. A. Johnson, Paintsville, for appellant.

J. K. Wells, Paintsville, W. W. Burchett, Prestonsburg, for appellees.

MONTGOMERY, Judge.

Howard L. and Edna Hughes sued Security Fire & Indemnity Company, their insurer, to recover damages to their house, allegedly caused by blasting operations. Kentucky Road Oil Company and Vera Ford, administratrix of the estate of J. Winston Ford, deceased, were brought into the action by third party complaint. The Hugheses recovered a verdict for $2,500 against the insurance company. The jury found the other parties to be free of negligence. The insurance company appeals and urges that: (1) The possibility of any damage was too remote to sustain the verdict; (2) the damages are excessive and are not sustained by the evidence; and (3) any damage done was caused by the negligence of Ford.

The blasting operations were conducted by the Kentucky Road Oil Company and Ford, as contractors, in the construction of a highway near Paintsville. Ford has since died. The Hughes house was 3700 feet from the blasting.

In substance, the testimony of Hughes and his several witnesses was to the effect that the damage to his house consisted of cracking of plaster, foundation, and mortar, leaking of roof, settling of foundation, warping of floors, and sticking of doors, all of which occurred during the three months of the blasting operations and which was first noticed after the blasting began. There was evidence that the damages sued for had not been caused by partial flood inundation in 1957 since the flood damage had been repaired. The Hughes witnesses gave graphic descriptions of the blasting and the coincident vibrations and effects.

For appellant an architect testified that the blasting could not have caused the damage claimed because of the distance involved. He was corroborated in part by a carpenter. Likewise, there was conflicting evidence as to the negligence of the contractor. Three carpenters testified for Hughes as to the amount of damages: two said $2,575, and the third, $3,000. A carpenter testifying for appellant fixed the damages at $939.76.

The evidence was conflicting on the issues of whether the blasting was negligently done, whether it caused the damages, and the amount of the damages. There was sufficient testimony on which to submit each issue to the jury. Its verdict was supported by the evidence. River Queen Coal Company, Inc. v. Mercer, Ky., 379 S.W.2d 461.

See also O'Regan v. Verrochi, 325 Mass. 391, 90 N.E.2d 671; Central Exploration Company v. Gray, 219 Miss. 757, 70 So.2d 33; Scranton v. L. G. DeFelice & Son, 137 Conn. 580, 79 A.2d 600; and Philpot v. Rhinesmith, 6 N.J.Super. 324, 71 A.2d 219.

Judgment affirmed.