**WOLF CREEK COLLIERIES COMPANY,**
Appellant,

v.

**Wallace J. DAVIS, Appellee.**

Court of Appeals of Kentucky.

March 21, 1969.

Rehearing Denied June 27, 1969.

Donald Combs, Pikeville, W. R. McCoy, Jr., Inez, for appellant.

W. A. Johnson, Paintsville, for appellee.

CULLEN, Commissioner.

Wallace J. Davis recovered judgment on a jury verdict against Wolf Creek Collieries Company, in the amount of $2,500, as damages for depletion of a water well on Davis' land found by the jury to have been caused by blasting operations in underground coal mining carried on by Wolf Creek near the Davis property. Wolf Creek has appealed, asserting several grounds of error. We are reversing the judgment because appellee's counsel persistently and repeatedly brought out in evidence the fact that the president of the appellant company had made an offer of a cash settlement. Objections were sustained and admonitions were given, but appellee's counsel continued to bring the evidence in, so that appellant's counsel finally was driven in desperation to move that the swearing of the jury be set aside, which motion was overruled.

Of course the evidence was inadmissible. Whitney v. Penick, 281 Ky. 474, 136 S.W.2d 570; Dinwiddie v. Urban Renewal and Community Development Agency, Ky., 393 S.W.2d 872. Nevertheless appellee's counsel brought it in five different times. The trial court did sustain objections and make some admonitions, but the admonitions were not of a character calculated to have much admonitive effect. The situation finally reached a point at which, we think, the only cure was to grant a mistrial. It is our opinion that it was error for the trial court not to sustain appellant's motion for a mistrial.

Appellant raises other questions relating to the issue of the basis of liability, and contends there was insufficient proof of causation. We shall consider these questions because probably they will arise again on a new trial.

Liability in this kind of case (from blasting) does not rest on negligence. Clement Brothers Company v. Everett, Ky., 414 S.W.2d 576; Lynn Mining Co. v. Kelly, Ky., 394 S.W.2d 755; Associated

Contractors Stone Co. v. Pewee Valley Sanitarium and Hospital, Ky., 376 S.W.2d 316. Therefore it was unnecessary to prove negligence, and it was immaterial whether or not the mining operations came within 25 feet of Davis' boundary line in violation of KRS 352.490. The only issues to be submitted to the jury were (1) causation and (2) damages. Upon another trial the proof and instructions will be confined to those two issues.

As concerns the question of whether there was sufficient proof of causation we do not accept the appellant's contention that Consolidation Coal Co. v. Ramey, 271 Ky. 48, 111 S.W.2d 438, is controlling. There the mining operations were being conducted directly beneath the plaintiff's land, and this court held that the evidence for the mining company, showing that there were no breaks in the roof of the mine, no sinking or dropping of the land in any mined-out portion, and no water leaks or wet places in the mine, completely overcame any inference, from the plaintiff's evidence of cracks in the surface of his land and his well going dry, that the mining operations were the cause of the damage. In the instant case the mining operations were not below the plaintiff's well, so the evidence for the mining company that their entries were dry and there were no cracks in the roof of the mine was not conclusive of the lack of a disturbance of barriers or channels under the plaintiff's land such as would divert a water course or lower the water table. Furthermore, in *Ramey* the damage was alleged to have been caused by removal of underground *support,* whereas in the instant case the damage was attributed to the shock from blasting operations.

The evidence for the plaintiff here was that his ground shook and his house vibrated from the blasts in the mine, and that after the blasting operations had continued over a period of months, gradually coming closer and getting stronger, his water well, which had maintained a 44-foot reservoir, suddenly went completely dry over-night. We think this evidence was basis for a reasonable inference that the blasting caused the depletion of the well. Even *Ramey* comes close to being authority for that. See also River Queen Coal Company v. Mencer, Ky., 379 S.W.2d 461; Security Fire & Indemnity Co. v. Hughes, Ky., 383 S.W.2d 113.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.