**Elwood BINGHAM et al., Appellants,**

v.

**David L. DAVIS et al., Appellees.**

Court of Appeals of Kentucky.

May 2, 1969.

Rehearing Denied Sept. 19, 1969.

James P. Hanrahan, Young & Williams, Frankfort, for appellants.

Herbert D. Liebman, Johnson & Burton, Frankfort, for appellees.

OSBORNE, Judge.

This is an action for damages alleging faulty construction of a house. The facts were presented to a jury and they returned a verdict for $7097.40.

Appellant alleges two grounds for reversal upon this appeal. 1. The instructions on damages were not sufficiently clear and specific to enable the jury to arrive at a proper verdict. 2. The court improperly defined the duties and obligations of the third party defendant.

We have examined the record and find that no objection was made to these instructions by the defendant in the trial court. CR 51 provides, "No party may assign as error the giving or failure to give an instruction, unless he objects thereto before the court instructs the jury, stating specifically the matter to which he objects and the grounds of his objections."

Appellant did raise these points in his motion and grounds for a new trial,

but this was too late. It is incumbent upon the litigant who seeks reversal of a trial court's judgment to demonstrate to an appellate court that the trial court has committed error which is prejudicial to the substantial rights of the litigant. It is the litigant's duty to properly preserve for appellate review the error upon which he relies. An orderly administration of justice will not permit appellate courts to reverse trial courts for errors which were not timely brought to their attention.

In passing, we might also note that the appellee's briefs do not direct our attention to the fact that the instructions were not objected to. However, we do not deem this to be a waiver of error. Stucker v. Bibble, Ky., 442 S.W.2d 578 (1969).

Judgment affirmed.

All concur.