**Fred BRADFORD, James Prichard d/b/a Prichard Mining Co., Appellants,**

v.

**Robert SAGRAVES and Drema Sagraves, his wife, Appellees.**

Court of Appeals of Kentucky.

June 24, 1977.

Discretionary Review Denied
Oct. 24, 1977.

C. B. Creech, Stanley R. Hogg, Ashland, Ora F. Duval, Olive Hill, for appellants.

George M. Hogg, Olive Hill, for appellees.

Before GANT, HOWERTON and WIL-HOIT, JJ.

WILHOIT, Judge.

On July 10, 1976, the Carter Circuit Court entered judgment based on a jury verdict against appellants, James Prichard d/b/a Prichard Mining Company and Fred Bradford, both jointly and severally in the amount of $12,000.00. The jury found appellants to be jointly liable for damages to the home of appellees, Robert and Drema Sagraves. From that judgment these appeals are brought.

On July 26, 1975, Fred Bradford, having substantially completed the house which he had contracted to build for the Sagraves for $26,000.00, issued to them a written warranty that the house was free from defective materials and workmanship. The Sagraves had moved into the house on July 10, 1975. No damage or defect was apparent at that time.

On August 8 and 9, 1975, James Prichard did some blasting at a mining site approximately 1,100 feet from the Sagraves house. On August 8, Robert Sagraves, who was at home, felt the ground shake and "was nearly shaken from his chair" as he sat in his residence watching television. After the blast he inspected the interior of his house and found cracks in the drywall. He then contacted Prichard and told him that the blasting was cracking his house to pieces. He was told there would be no more blast-

ing; however, on the 9th of August Prichard blasted again. Both Mr. and Mrs. Sagraves were at home on this occasion along with a third person. All three felt the ground where the house was located shake. They inspected the exterior of the house and found cracks in the basement wall, a cracked front sidewalk, and the brick veneer pulled away from the house in the front. Witnesses who lived up to three quarters of a mile from the blasting site also testified that the ground shook and a rock was blown through the roof of the home of one witness as a result of the blasting.

Evidence was introduced that the concrete footer poured for the Sagraves' house had been poured partially on rock and partially on fill dirt. There was testimony that this was not good workmanlike practice. In the opinion of a bricklayer who had worked on the house, the reason the brick veneer was pulling away from the house was that the porch, which was laid on fill dirt, was slipping or moving. The contract specifications under which the house was built required the footer to be laid on undisturbed dirt.

Two expert witnesses testified on behalf of Prichard. Both agreed that the blasting on August 8 and 9 did not cause the damage to the Sagraves' house, but rather the settling of the earth under the footer and sidewalk was principally to blame.

The court instructed the jury that it could find against either of appellants if it believed that the injury to the house was caused by either of them or that if it believed the injury was caused by neither then the verdict should be for them. The court also instructed as follows:

> III. If you believe from the evidence that the damage if any done to plaintiffs' home was the direct and proximate result of both the defendants, James Prichard, d/b/a Prichard Mining Company blasting operation, and the defendant's, Fred Bradford, breach of builder's warranty, then you will find for the plaintiffs as to both defendants, such damages as you believe from the evidence will be reasonably necessary to remedy the defects and damage, but in no event to exceed the difference between the fair market value of the home with the defects and the fair market value of the home without said defects, your whole finding not to exceed $12,000.00.

I

Appellant Bradford argues that the judgment of the trial court should be set aside on two grounds.

First, according to Bradford, the court should have dismissed the appellees' complaint since it improperly joined him and Prichard as defendants, contrary to the provisions of CR 20.01. No motion was made by either of appellants to dismiss the complaint for misjoinder of defendants. Indeed, the granting of such a motion would have been contrary to CR 21 which states unequivocally that "[m]isjoinder of parties is not ground for dismissal of an action". The proper procedure would have been to move the court to sever the claim and permit the parties to proceed as in the case of separate actions. *Marr v. Falls City Stone Co.*, Ky., 353 S.W.2d 390 (1962). No such request was made by either party defendant and any objection to the joinder of the defendants was thus waived. *McCormack v. Cole*, 265 Ky. 482, 97 S.W.2d 33 (1936); *Bingham v. Davis*, Ky., 444 S.W.2d 123 (1969).

Bradford next argues that Instruction III, to which he objected, was improper since there was no evidence of a joint transaction or occurrence and no common question of law or fact present in this case. The evidence presented, however, pointed to independent acts of both of the appellants which a jury reasonably could, and in this instance did, believe produced a single injury. "The rule is now well settled in this state that while several may be guilty of several and distinct negligent acts, yet, if their concurrent effect is to produce an estimable injury, they are all liable therefor." *Probst v. Hinesley*, 133 Ky. 64, 117 S.W. 389 (1909). We do not believe Instruction III was erroneous.

## II

■ Appellant Prichard contends that since the only evidence that blasting may have caused or contributed to the damage done to appellees' house is the lay testimony concerning vibrations felt from the blasting, there was insufficient evidence of blasting as a cause so as to require submission of the question of his liability to the jury. He argues that under the authority of *Security Fire & Indemnity Co. v. Hughes*, Ky., 383 S.W.2d 113 (1964), the appellees must prove that this damage arose within a time period consistent with the blasting having been the cause, that they must show that sufficient stimuli were present during the blasting to cause the damage, and that other potential causes of the damage must be eliminated by affirmative proof. Here, Prichard says appellees have shown "temporal consistency" and that blasting could have been the cause of their damage if it had been of sufficient size, but since it is obvious that blasting was not the only potential cause present during the time period in which the damage arose it cannot be inferred that the blasts were of sufficient size and nature to have caused the damage. Prichard asserts that in such circumstances expert testimony is necessary to establish this and none was introduced by appellees.

In the *Hughes* case there was evidence of damage to the house which first occurred during the three months that blasting operations took place and which was first noticed after the blasting began. Lay witnesses testified as to the vibrations they experienced from the blasting and its effects. An architect testified that the blasting could not have caused the damage and he was partly corroborated by a carpenter. There was evidence that the house had previously been damaged by a flood but that this damage had been repaired. The court ruled that there was sufficient evidence of causality to submit the question to a jury.

While we readily agree that there was insufficient evidence to support a verdict that the blasting done by Prichard was the *sole* cause of the damage here, we believe there was sufficient evidence to raise a reasonable inference that his blasting was a *contributing* cause and this is precisely what the jury found.

■ Appellant Prichard next objects that it was error for the court to instruct on joint and concurrent liability in a case such as this since there was no evidence from which to choose one cause of the damage here over another and the effect of such an instruction is to require the jury to choose both potential causes as *the* cause. The giving of such an instruction here, he argues, is contrary to the rule laid down in *Cox v. Cooper*, Ky., 510 S.W.2d 530 (1974). The instruction condemned in *Cox*, an automobile negligence case, however, required the jury to find against either or both of the tortfeasors. The Court said there that the effect of such an instruction was to shift the burden of proof from the plaintiff to the defendants. It stated that even though it is uncontroverted that the negligence of one or the other, or both, of two purported tortfeasors caused a particular injury, the jury must believe from the evidence that each such tortfeasor in particular was negligent in order to hold that particular individual liable.

The instruction given in this case required the jury to believe that the damage done to appellees' home was "the direct and proximate result" of the activities of *both* defendants in order to return a verdict against them jointly. Unlike the situation in *Cox*, the jury was not instructed that it must find against one or the other or both of the defendants. Here the jury was required to believe that the activities of each particular defendant joined to cause the injury in order to hold them jointly liable. We do not believe the instruction here was contrary to the principal set forth in *Cox v. Cooper, supra*. Nor do we believe that the instruction had the effect of requiring a verdict against both defendants except, of course, if the jury believed both defendants had caused the injury.

■ Finally, appellant Prichard argues that the jury should have been instructed that he is not responsible for damage suf-

fered by one who impedes his enjoyment of his leasehold estate. In this case Prichard had leased the property on which his blasting took place from Elmer Sagraves for the purpose of mining coal. Prichard offered proof that the tract of land on which appellees' home was subsequently built was contained in the tract he had leased and that the house was built with full knowledge that he was mining and blasting within the bounds of his lease.

Without deciding its legal efficacy, we believe that this theory advanced by Prichard would constitute the basis for either an affirmative defense under CR 8.03 or a compulsory counterclaim under CR 13.01. No motion was made by him at any time to amend his pleadings to assert such defense or counterclaim. We do not believe the issue was tried by express or implied consent under CR 15.02 since this issue was never submitted to the jury.

The judgment of the trial court is affirmed.

All concur.