**Teresa HUGHES, Appellant**

v.

**Brady LAWRENCE–HIGHTCHEW; Thomas Lawrence; Evan P. Morse; Tyler Shields; John Shields; Julia Slone; Grange Insurance; Ohio Casualty Insurance; and Cabinet for Health & Family Services, Appellees.**

No. 2012–CA–002140–MR.

Court of Appeals of Kentucky.

Dec. 20, 2013.

Discretionary Review Denied by Supreme Court Aug. 13, 2014.

G. Garrett Worlley III, Blake R. Maislin, Cincinnati, OH, for appellant.

Jane C. Higgins, Lexington, KY, for appellees John Shields and Tyler Shields.

Donald L. Stepner, Covington, KY, for appellee Julia Slone.

Michael P. Casey, R. Sean Quigley, Lexington, KY, for appellee Morris.

Before COMBS, LAMBERT, and THOMPSON, Judges.

## OPINION

COMBS, Judge:

Teresa Hughes appeals from an order of the Campbell Circuit Court dismissing her personal injury action. The court granted the defendants' motion to dismiss for misjoinder without leave to amend her complaint. After our review, we vacate and remand for further proceedings.

On October 12, 2012, Hughes filed an action to recover damages for injuries that she sustained as a result of two separate car accidents, each of which occurred in Campbell County in 2010. The first accident was a four-car pileup that occurred in mid-October. As a result of that accident, Hughes asserted negligence claims against the drivers of the three vehicles positioned directly behind her (defendants Brady Lawrence–Hightchew, Evan Morse, and Tyler Shields); she also filed negligent entrustment claims against the owners of two of those vehicles (defendants Thomas Lawrence and John Shields). As a result of the second accident that occurred in mid-December, Hughes asserted a negligence claim against Julia Slone, the driver of a vehicle in which Hughes was a passenger when the vehicle collided with another vehicle in a grocery store parking lot. Hughes also asserted a claim against Grange Insurance and against Ohio Casualty Insurance, her uninsured/underinsured motorist carriers.

On October 31, 2012, the Shields defendants filed a motion to dismiss the action based on misjoinder. On November 21, 2012, Slone filed a separate motion to dismiss for misjoinder; in the alternative, she sought to sever the claims. Morse filed a similar motion days later. Both Hughes and Grange Insurance resisted the motions to dismiss or in the alternative to sever. In its comprehensive response to the motions, Grange Insurance contended that misjoinder was not a basis for dismissal and that in the interest of judicial economy and fairness to the parties, the claims ought not be severed before discovery was complete.

Following a hearing, the trial court summarily dismissed the case on December 6, 2012. This appeal followed.

On appeal, Hughes contends that the trial court erred by dismissing the complaint. We agree.

■ Kentucky Rule(s) of Civil Procedure (CR) 20.01, entitled "permissive joinder" provides, in part, as follows:

All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A ... defendant need not be interested in ... defending against all the relief demanded. Judgment may be given ... against one or more defendants according to their respective liabilities.

CR 21 expressly provides that misjoinder is *not* a basis for dismissal of any action. Consequently, the order dismissing must be vacated, and the matter remanded for further proceedings. *See Marr v. Falls City Stone Co.,* 353 S.W.2d 390 (Ky.1962).

■ In lieu of dismissal, the provisions of CR 21 permit the court in its discretion to sever a claim *if* it finds that there has been a misjoinder. However, in cases involving separate motor vehicle collisions

linked closely in time, courts often favor a joinder of claims. *See Sutterfield v. District Court*, 165 Colo. 225, 438 P.2d 236 (1968); *Carr v. Higdon*, 665 S.W.2d 382 (Tenn.App.1983); *Ryan v. Mackolin*, 14 Ohio St.2d 213, 237 N.E.2d 377 (1968) *overruled on other grounds by Pang v. Minch*, 53 Ohio St.3d 186, 559 N.E.2d 1313 (1990); *Watts v. Smith*, 375 Mich. 120, 134 N.W.2d 194 (1965).

In cases such as this, the two discrete accidents are viewed as a "series of occurrences" as described in CR 20.01. *But see Brinks, Inc. v. Robinson*, 215 Ga. App. 865, 452 S.E.2d 788 (1994). The "series" does not require that the events be related to a common cause. Instead, the provisions of the rule are read to require that the series of occurrences be related by a common question of fact or law. As Grange Insurance aptly contended below, the requirement is readily satisfied in this case by the common factual questions as to the nature, cause, and extent of Hughes's injuries:

> The most obvious question of fact that joins these two accidents due to their temporal proximity is the injury to [Hughes]. Every defendant in this case will ask [Hughes] the same questions regarding her condition before the first accident, after the first accident, immediately before the second accident, immediately after the second accident and her condition to this day. Her treating physicians will undoubtedly give opinions as to the cause of the injuries sustained from both accidents the severity of the injuries from each of the accidents and aggravation of any pre-existing condition from either of these accidents. It would be a waste of judicial economy and resources of the parties to be required to take multiple depositions of the same witnesses to establish these common facts if the case were brought in separate suits.

Response to Motion to Dismiss. In addition, as has been observed, "were permissive joinder to be prohibited in cases of aggravated, successive injuries, separate trials would afford each defendant the opportunity to impute the bulk of liability to the other tortfeasor(s)." *Nixon v. Dally*, 248 S.W.3d 615, 618 (Mo.2008). Additionally, "[j]oining the defendants ... increases the ability of the jury accurately to apportion damages and liability." *Id.* Nevertheless, the trial court remains empowered by our rules of civil procedure to order separate trials on separate claims depending upon the circumstances or to enter orders to avoid delay or prejudice that might result from the joinder of claims. CR 20.02.

In summary, the order dismissing the action must be vacated regardless of any alleged misjoinder. This case is remanded for further proceedings, which may include severance at the court's discretion "at any stage of the action and on such terms as are just." CR 21.

ALL CONCUR.